UNITED STATES of America, Plaintiff,

v.

Hector Rene GOMEZ–RODRIGUEZ, Defendant.

No. CR 94–0479 MHP.

United States District Court, N.D. California.

Feb. 23, 1995.

Nandor Vadas, Asst. U.S. Atty., San Francisco, CA, for plaintiff.

George J. Cotsirilos, Jr., Cotsirilos & Campisano, San Francisco, CA, for defendant.

### *OPINION*

PATEL, District Judge.

Defendant Hector Rene Gomez–Rodriguez is charged by indictment with illegal reentry into the United States after deportation and conviction for an aggravated felony in violation of 8 U.S.C. § 1326(b)(2). Now before the court is defendant's motion to dismiss the indictment on the grounds that his prior conviction is not an aggravated felony within the meaning of 8 U.S.C. §§ 1326 & 1101(a)(43).

Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following opinion.

### *BACKGROUND*

Defendant Hector Rene Gomez–Rodriguez is a native and citizen of Mexico. On October 26, 1990, Gomez plead guilty in San Francisco Superior Court to assault with a deadly weapon in violation of California Penal Code § 245(a)(2). He was sentenced to one year in jail and a term of probation. On August 20, 1991, Gomez' probation was revoked and he was sentenced to five years in state prison. After serving his sentence, Gomez was deported from the United States on November 29, 1993.

Sometime after he was deported, Gomez reentered the United States without permission from the Attorney General. He was arrested by agents of the Immigration and Naturalization Service on September 22, 1994 and is now charged with illegal reentry into the United States after deportation and conviction for an aggravated felony in violation of 8 U.S.C. § 1326(b)(2). Gomez moves to dismiss the indictment against him on the ground that his 1990 state felony conviction is not an aggravated felony for the purpose of subparagraph (b)(2).

### *DISCUSSION*

Gomez is charged by indictment with a violation of section 1326(b)(2). Section 1326 provides:

(a) Subject to subsection (b) of this section, any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

(1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such

alien shall be fined under Title 18, imprisoned not more than 5 years, or both; or

(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 15 years, or both.

8 U.S.C. § 1326. In this Circuit, an aggravated felony conviction is a necessary element of an offense charged under section 1326(b)(2). *U.S.A. v. Gonzales–Medina,* 976 F.2d 570, 572–73 (9th Cir.1992).[1]

The term "aggravated felony" used in 1326(b)(2) is defined at 8 U.S.C. § 1101(a)(43). Prior to amendment in 1990, section 1101(a)(43) stated:

The term "aggravated felony" means murder, any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices defined in section 921 of such title, or any attempt or conspiracy to commit any such act, committed within the United States.

Pub.L. No. 100–690, § 7342 (1988) (amended 1990).

As part of the Immigration Act of 1990 ("the Act"), Pub.L. No. 101–649, 104 Stat.

4978, 5048 (November 29, 1990), Congress amended the definition of aggravated felony, in pertinent part, as follows:

(a) In General.—Paragraph (43) of section 101(a) (8 U.S.C. 1101(a)) is amended—

. . . .

(3) by inserting after "such title," the following: "any offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years,",

. . . .

(b) Effective Date.—The amendments made by subsection (a) shall apply to offenses committed on or after the date of the enactment of this Act, except that the amendments made by paragraphs (2) and (5) of subsection (a) shall be effective as if included in the enactment of section 7342 of the Anti–Drug Abuse Act of 1988.

Pub.L. No. 101–649, § 501.[2]

Gomez does not dispute that the crime for which he was convicted is a crime of violence

---

1. All other circuits ruling on this issue have held that subsection 1326(b)(2) is merely a sentence enhancement provision. *U.S.A. v. Munoz–Cerna,* 47 F.3d 207, 210 (7th Cir.1995); *U.S.A. v. Polanco,* 29 F.3d 35 (2d Cir.1994); *U.S.A. v. Crawford,* 18 F.3d 1173, 1176–78 (4th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 171, 130 L.Ed.2d 107 (1994); *U.S.A. v. Forbes,* 16 F.3d 1294, 1298–1300 (1st Cir.1994); *U.S.A. v. Vasquez–Olvera,* 999 F.2d 943, 945 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 889, 127 L.Ed.2d 82 (1994).

2. In full, the amendment reads:
   (a) In General.—Paragraph (43) of section 101(a) (8 U.S.C. 1101(a)) is amended—
   (1) by aligning its left margin with the left margin of paragraph (42),
   (2) by inserting "any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act), including" after "murder,",
   (3) by inserting after "such title," the following: "any offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of

title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years,",
   (4) by striking "committed within the United States",
   (5) by adding at the end the following: "Such term applies to offenses describe in the previous sentence whether in violation of Federal or State law.", and
   (6) by inserting before the period of the sentence added by paragraph (5) the following: "and also apples to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years".
   (b) Effective Date.—The amendments made by subsection (a) shall apply to offenses committed on or after the date of the enactment of this Act, except that the amendments made by paragraphs (2) and (5) of subsection (a) shall be effective as if included in the enactment of section 7342 of the Anti–Drug Abuse Act of 1988.
   Pub.L. No. 101–649, § 501.

and, thus, an aggravated felony within the meaning of (a)(3). However, Gomez argues that the language of section 501(b) mandates that the addition of violent crimes to the definition of aggravated felony applies only to violent crimes committed on or after November 29, 1990. The government argues, to the contrary, that Congress intended the word "offenses" in section 501(b) to refer to the offense of illegal reentry, not the offense of the previous felony. Under this interpretation, Gomez' previous felony would qualify as an aggravated felony, because he reentered the U.S. illegally after November 29, 1990. Thus, this court must determine whether Congress intended the word "offenses" in section 501(b) of the Act to refer to the previous felony or the currently charged offense of illegal reentry.

Under careful analysis of the amending language of section 501 and the structure of 8 U.S.C. § 1101, which it amends, it is clear that Congress intended the word "offenses" in the effective date provision of section 501(b) to mean the felonies set forth in section 501 itself. Section 1101 is the general definition section for all of Chapter 12 of Title 8 ("Immigration and Nationality"). The term "aggravated felony," defined in 1101(a)(43), is used in numerous substantive sections throughout Chapter 12. These include, *inter alia,* section 1105a (governing judicial review of orders of deportation and exclusion), section 1158 (asylum procedures), and section 1182 (regarding excludable aliens). Many of these sections regulate admission or deportation from the United States as part of the civil immigration system. Section 1326, under which Gomez is charged, is only one of many substantive sections to use the term "aggravated felony", and one of the few that actually involves offenses with criminal penalties.

There are several reasons why interpreting the word "offenses" in section 501(b) of the 1990 Act as referring to the actual offense of illegal reentry under section 1326 does not make sense. First, section 501 amends section 1101(a)(43), not section 1326; in fact, section 1326 is not referenced anywhere in 501(b) of the 1990 Act. If Congress had intended the result the government

urges, it could have amended section 1326 to add effective date language tailored specifically to it.

Congress did just that when it drafted the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, 102 Stat. 4469 *et seq.* (1988), which created the definition of aggravated felony and placed it in Title 8 for the first time. Section 7342 of the Anti–Drug Abuse Act, which amended section 1101(a) to add subparagraph (43) containing the term "aggravated felony," had no effective date language. The effective dates were included instead in the specific substantive sections amended to use the term "aggravated felony." *See id.* at §§ 7343, 7344(a), 7345, 7346(a), 7347, 7349.

In the 1990 Act, however, Congress placed the effective date language in the definition itself. Therefore, the most straightforward reading of section 501(b) is that Congress intended the effective date to apply to the offenses contained within the definition section itself, rather than to the substantive offense section, which was not explicitly referenced. This conclusion is bolstered by the language of 501(b). The first clause of 501(b) states "the amendments ... shall apply to offenses committed on or after the date of the enactment...." Read in isolation, these words might be capable of the meaning the government urges. However, the second clause does not use the word "offenses." It merely states that two of the amendments "shall be effective as if included in ... the Anti–Drug Abuse Act of 1988." When the two clauses are read together, the sentence is less amenable to the meaning the government urges.

Further, section 1101(a)(43) is a general definition, relevant to numerous substantive sections in Chapter 12. If the word "offenses" in section 501(b) of the 1990 Act were interpreted to refer to the offense of illegal reentry defined by section 1326, the first clause of section 501(b) would have no relevance to the many other sections using the term aggravated felony, and would leave the effective date of the amendments in subparagraphs (3) and (4) of section 501(a) unspecified for all purposes except that of illegal reentry.

This court's interpretation of section 501(b) is consistent with the amendment in 1991 of another section of Title 8 that uses the term "aggravated felony." 8 U.S.C. § 1158 (governing applications and grants of asylum). In the 1990 Act, Congress amended section 1158 to provide that an alien who has been convicted of an aggravated felony may not apply for or be granted asylum. Pub.L. No. 101–649, § 515 (1990). This amendment added the term aggravated felony to section 1158 for the first time. Subsequently, in the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 ("Technical Corrections Act"), Pub.L. No. 102–232, § 306(a)(13) (1991), Congress amended section 515(b)(1) and (2) of the 1990 Act to provide that the restrictions on aliens convicted of aggravated felonies "shall apply to convictions entered before, on, or after the date of the enactment of this Act and to applications for asylum made on or after the date of the enactment of this Act." By this amendment, it appears that Congress altered the effective date that otherwise would apply in order to include predicate felonies without regard to date of conviction. Presumably, Congress would not have found it necessary to do so if section 1101(a)(43), as amended in 1990, already included prior felonies regardless of when they were committed.

It should be noted that the 1990 Act did amend section 1326. *See* Pub.L. No. 101–649, § 543(b). However, it did so only with respect to a criminal fine provision. Subparagraph (c) of section 543 also included an effective date for that amendment. In the 1991 Technical Corrections Act additional changes were made to the 1990 amendment. *See* Pub.L. No. 102–232, § 306(c)(3). However, Congress never added a specific effective date for the aggravated felony language applicable to that section. Certainly the amendments of the 1990 Act and the 1991

Technical Corrections Act demonstrate that Congress knows how to draft explicit and differentiated effective dates; yet it did not do so for section 1326 with respect to the term aggravated felony.

Finally, the court notes that the Immigration and Naturalization Service ("INS") agrees with this court's interpretation of section 501(b). On July 31, 1991, the INS issued the following Operations Instruction:

**Applicability of the Term "Aggravated Felony" to Sections of the [Immigration and Nationality] Act.** Unless otherwise limited in its application under a specific section of the Act, the term "aggravated felony", as defined in section 101(a)(43) of the Act, applies to convictions entered before, on or after November 18, 1988 (the date of enactment of the Anti–Drug Abuse Act of 1988). The only exceptions are the crimes of money laundering, non-political crimes of violence resulting in a sentence of at least five years imprisonment and foreign convictions, which must be committed on or after November 29, 1990 (the date of enactment of the Immigration Act of 1990).

INS Oper.Instr. 101.3 (Imm. Law Service Supp. Dec. 1994). The INS's conclusion that crimes of violence are aggravated felonies only if committed on or after November 29, 1990 reflects the view that the effective date language in section 501(b) applies to the offenses listed in 501 itself.

The Ninth Circuit has held that it is not clear error to interpret the word "offense" in section 501(b) to refer to the offense of illegal reentry under section 1326. *U.S.A. v. Ullyses–Salazar*, 28 F.3d 932, 938–39 (9th Cir. 1994), *petition for cert. filed* U.S.L.W. (Dec. 15, 1994) (No. 94–); *accord U.S.A. v. Garcia–Rico*, 46 F.3d 8 (5th Cir.1995).[3] However, in

---

**3.** The court in *Ullyses–Salazar* stated that it reached its conclusion in light of *U.S.A. v. Arzate–Nunez*, 18 F.3d 730 (9th Cir.1994). *Ullyses–Salazar*, 28 F.3d at 938. In *Arzate–Nunez*, the defendant was indicted under 8 U.S.C. § 1326(b)(2) for illegally reentering the United States in 1992 after a state conviction for a drug-related offense in 1985. Since drug-related offenses were added to the definition of aggravated felony in 1988, the defendant argued that application of section 1326(b)(2) to him violated the ex post facto

clause. The Ninth Circuit held that the charge did not violate the ex post facto clause because the relevant offense under section 1326(b)(2) for purposes of analyzing retroactivity is reentry into the United States, not the predicate felony.

Noting that *Arzate–Nunez* was really an ex post facto clause case, the court went on to say that it was a "reasonable extension" of the *Arzate–Nunez* holding to apply the statutory amendment to the definition of aggravated felony in existence at

*Ullyses–Salazar* this issue was raised for the first time on appeal and the Circuit considered the question on a limited record, under a deferential standard of review. The Court of Appeals did not parse out section 501 nor have the benefit of the INS interpretation.

Further, both the Sixth and Seventh Circuit Courts of Appeal appear to have reached a contrary conclusion. While not analyzing the issue at great length, the Sixth Circuit has stated in dicta: "The definition of aggravated felony was amended in 1990, at which time several new categories of crime were added. The 1990 amendment provided that these crimes were to be considered aggravated felonies only if committed on or after the date of enactment." *Campos v. I.N.S.,* 16 F.3d 118, 121 (6th Cir.1994). The Seventh Circuit reached the same conclusion:

> [T]he effective date of the 1990 . . . amendment provides that the amended definition shall apply only to "offenses committed on or after the date of the enactment of this Act. . . ." The government concedes that, as a result of this legislative directive with respect to the effective date, a crime can be classified as an "aggravated felony" only if committed on or after November 29, 1990.

*U.S.A. v. Munoz–Cerna,* 47 F.3d 207, 209 (7th Cir.1995) (dicta).

Under the closer scrutiny occasioned by Gomez' motion, this court holds that the proper interpretation of section 501(b) is that the term "offenses" refers to the offenses enumerated in 501(a) and not the offense proscribed by section 1326.

*CONCLUSION*

For the foregoing reasons, Gomez' motion to dismiss the indictment on the grounds that his prior conviction is not an aggravated felony within the meaning of 8 U.S.C. §§ 1326 & 1101(a)(43) is hereby GRANTED. The indictment is DISMISSED.

IT IS SO ORDERED.

the time of the illegal entry and not at the time the aggravated felony was committed. *Ullyses–*

*Salazar,* 28 F.3d at 938–39. It did so without the analysis detailed above.