**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Hector Rene GOMEZ–RODRIGUEZ,
Defendant–Appellee.**

No. 95–10114.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1996.

Filed Feb. 21, 1996.

Order Taking Case En Banc May 15, 1996.

Argued and Submitted June 20, 1996.

Decided Sept. 24, 1996.

Nandor J. Vadas, Assistant United States Attorney, San Francisco, California, for plaintiff-appellant.

George J. Cotsirilos, Jr., Cotsirilos & Campisano, San Francisco, California, for defendant-appellee.

Before: HUG, Chief Judge, GOODWIN, SCHROEDER, CANBY, REINHARDT, WIGGINS, BRUNETTI, KOZINSKI, THOMPSON, T.G. NELSON, and HAWKINS, Circuit Judges.

HUG, Chief Judge.

The Government appeals the district court's dismissal of an indictment charging Hector Rene Gomez–Rodriguez under 8 U.S.C. § 1326(b)(2) with illegal reentry following his deportation that was subsequent to his conviction of an aggravated felony.

The essential issue in this case concerns the effective date of an amendment to the definition of an "aggravated felony" as it applies to a charge under section 1326(b)(2). Prior to his deportation, Gomez–Rodriguez had been convicted of assault with a deadly weapon. At the time of his conviction, this crime was not among the crimes defined to constitute an "aggravated felony." However, prior to his reentry following his deportation, a statute had been enacted amending and

expanding the definition of an "aggravated felony" to include, among other things, the assault crime of which he had previously been convicted. The district court held, as a matter of statutory interpretation, that the expanded definition did not apply to crimes committed prior to the date of enactment of the statutory amendment. It dismissed the indictment because a requisite element of the crime charged under section 1326(b)(2) is conviction of an aggravated felony prior to the deportation, and the prior conviction charged could not constitute the requisite aggravated felony. *United States v. Gomez–Rodriguez,* 878 F.Supp. 157, 162 (N.D.Cal. 1995). A panel of our court affirmed. *Gomez–Rodriguez,* 77 F.3d 1150, 1151 (9th Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291. We also affirm.

## I

Gomez–Rodriguez is a Mexican national. On October 26, 1990, he pled guilty in California Superior Court to violating California Penal Code § 245(a)(2), assault with a deadly weapon. He was sentenced to one year in jail and a term of probation. On August 20, 1991, Gomez–Rodriguez's probation was revoked, and he was sentenced to 5 years in state prison. After he had served his sentence, Immigration and Naturalization Service ("INS") officials deported him from the United States.

Following his deportation, Gomez–Rodriguez reentered the United States illegally. INS agents arrested him on September 22, 1994. The Government charged him under 8 U.S.C. § 1326(b)(2) with illegal reentry after a deportation that was subsequent to a conviction of an aggravated felony, specifying the 1990 assault conviction. Gomez–Rodriguez moved to dismiss the indictment on the ground that his assault conviction on October 26, 1990, did not qualify as an aggravated felony under section 1326(b)(2) because the felony conviction occurred before the effective date of the amendment that expanded the definition of an aggravated felony to include convictions such as his assault conviction. The district court concluded that Gomez–Rodriguez's assault conviction, which occurred before the effective date of the amendment on November 29, 1990, could not qualify as an aggravated felony and dismissed the indictment because it failed to charge an essential element of the crime. A three-judge panel of our court affirmed, *Gomez–Rodriguez,* 77 F.3d at 1151. The case was taken en banc, and we now render our en banc opinion.

## II

Section 1326(b)(2) was first added to the illegal reentry statute in 1988, when Congress enacted the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7342, 102 Stat. 4181, 4469–70 (1988). *United States v. Andrino–Carillo,* 63 F.3d 922, 925 (9th Cir. 1995). Section 1326(b)(2) provides, in relevant part, that an alien, "whose deportation was subsequent to a conviction for commission of an aggravated felony … shall be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2).

The term "aggravated felony" for the purposes of this statute was initially defined by Congress at 8 U.S.C. § 1101(a)(43) in 1988. At that time, section 1101(a)(43) provided:

> The term "aggravated felony" means murder, any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, or any attempt or conspiracy to commit any such act, committed within the United States.

Pub.L. No. 100–690, § 7342, 102 Stat. at 4469–4470. The statute did not contain an effective date provision.

In 1990, as part of the Immigration Act of 1990, Congress amended 8 U.S.C. § 1101(a)(43), by expanding the definition of "aggravated felony" so that it included any crime of violence for which the term of imprisonment was at least 5 years. Pub.L. No. 101–649, § 501, 104 Stat. at 5048. The amendment also has an effective date provision. *Id.* Section 501 is quoted in full in the margin.[1]

The portion of section 501 with which we are concerned is section 501(a)(3), which provides in pertinent part that the definition of

---

**1.** (a) IN GENERAL–Paragraph (43) of section 101(a) 8 U.S.C. § 1101(a) is amended—

an aggravated felony includes "any crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years."

The effective date provision at issue is set forth in section 501(b), which states:

> (b) Effective Date.—The amendments made by subsection (a) shall apply to offenses committed on or after the date of the enactment of this Act, except that the amendments made by paragraphs (2) and (5) of subsection (a) shall be effective as if included in the enactment of section 7342 of the Anti–Drug Abuse Act of 1988.

### III

■ The district court dismissed Gomez–Rodriguez's indictment pursuant to its interpretation of the 1990 amendments. "The interpretation of a statute is a question of law reviewed *de novo.*" *Forest Conservation Council v. Rosboro Lumber Co.,* 50 F.3d 781, 783 (9th Cir.1995).

■ "In statutory interpretation, the starting point is always 'the language of the statute itself.'" *Queen of Angels/Hollywood Presbyterian Medical Ctr. v. Shalala,* 65 F.3d 1472, 1477 (9th Cir.1995) (quoting *United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120–21, 92 L.Ed.2d 483 (1986)). If the plain meaning of the statute is clear, we "must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984).

Therefore, we look to the plain language of the 1990 effective date provision, in order to ascertain whether the word "offenses" pertains to the list of aggravated felonies enumerated in 8 U.S.C. § 1101(a)(43), or to the offense of illegal reentry subsequent to a felony conviction, codified at 8 U.S.C. § 1326(b)(2).

■ Section 501 amends 8 U.S.C. § 1101, yet the Government argues that the term "offenses" in section 501(b) refers to the offenses of reentry after deportation as provided in section 1326(b)(2), not the offenses described in the definition section-section 1101. The plain language of section 501(b) does not support this construction. It is apparent upon close examination of section 501(b) that the term "offenses" applies to the offenses enumerated in section 501(a), when considered in light of the exceptions applicable to paragraphs (2) and (5) of section 501(a). It is obvious that paragraphs (2) and (5), (as shown in footnote 1), concern "offenses" that are exceptions to the remaining offenses set forth in section 501(a). The only logical reading of section 501(b) is that the amendments set forth in section 501(a) generally apply to the offenses enumerated in that section committed on or after the day of enactment, but that those offenses enumerated in paragraphs (2) and (5) of section 501(a) apply as if they were enacted in 1988. Since the exceptions to the general provision clearly apply to section 501(a), it is equally clear that the general provision regarding offenses applies to section 501(a), rather than section 1326(b)(2) found elsewhere in the Code.

(1) by aligning its left margin with the left margin of paragraph (42),

(2) by inserting "any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act), including" after "murder,"

(3) by inserting after "such title", the following: "any offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years."

(4) by striking "committed within the United States."

(5) by adding at the end the following: "Such term applies to offenses described in the previous sentence whether in violation of Federal or State law.", and

(6) by inserting before the period of the sentence added by paragraph (5) the following: "and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years."

(b) EFFECTIVE DATE–The amendments made by subsection (a) shall apply to offenses committed on or after the date of the enactment of this Act, except that the amendments made by paragraphs (2) and (5) of subsection (a) shall be effective as if included in the enactment of section 7342 of the Anti–Drug Abuse Act of 1988.

The district court persuasively pointed out several other reasons why interpreting the word "offenses" in section 501(b), as referring to the offense of illegal entry in section 1326, does not make sense.

First, section 501 amends section 1101(a)(43), not section 1326; in fact, section 1326 is not referenced anywhere in 501(b) of the 1990 Act. If Congress had intended the result the Government urges, it could have amended section 1326 to add effective date language tailored specifically to it.

878 F.Supp. at 160. The district court and the panel also noted the importance of the fact that the placement of the effective date language was in the definition section of Chapter 12 of the United States Code. The definition of "aggravated felony" applies not only to section 1326 but to several other substantive sections of Chapter 12, which include, among others, section 1105(a) (judicial review of deportation and exclusion orders), section 1158 (asylum procedures), and section 1182 (relating to excludable aliens).

With section 501(a) being an amendment to a definition section of Chapter 12, the only reasonable construction is that section 501(b) applies internally to the offenses enumerated in that definition section, because the effective date will then be applicable to the expanded definition of "aggravated felony" as it is applied throughout Chapter 12.

The Government relies on our decision in *United States v. Arzate–Nunez*, 18 F.3d 730 (9th Cir.1994) in contending that we may look to the definition of "aggravated felony" as it existed on the date of reentry. That case is not applicable because it involved the 1988 version of section 1101(a)(43). The 1988 statute enacting that provision did not provide for an effective date, and we were, in that case, concerned only with the application of the Ex Post Facto Clause. Here, we are concerned with interpreting the specific section setting forth the applicable effective date. The Government also relies on our decision in *United States v. Ullyses–Salazar*, 28 F.3d 932 (9th Cir.1994). That case involved a review of a district court decision under the plain error doctrine. The Government contends that this opinion was a definitive interpretation of section 501(b) as it applies to section 1326(b)(2). To the extent that *Ullyses–Salazar* is inconsistent with this opinion, it is overruled.

We have held that an aggravated felony conviction prior to deportation is a necessary element of a crime charged under section 1326(b)(2). *United States v. Gonzalez–Medina*, 976 F.2d 570, 572–73 (9th Cir.1992). The district court properly dismissed the indictment because of the absence of that element of the crime charged.

**AFFIRMED.**