107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marco DAVILA-LOPEZ, Defendant-Appellant.
 No. 96-50047.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Submission Deferred June 7, 1996.
Resubmitted Feb. 6, 1997.
Decided Feb. 26, 1997.
 
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER** District Judge.
 MEMORANDUM***
 Appellant Marco Davila-Lopez was convicted of being an alien found in the United States after deportation following conviction of an aggravated felony in violation of 8 U.S.C. § 1326(b)(2).[1] The term "aggravated felony" is defined by 8 U.S.C. § 1101(a)(43). The district court found that Appellant committed an "aggravated felony" based upon his 1988 conviction for voluntary manslaughter. On appeal, Appellant argues that his conviction must be reversed on the ground that his "aggravated felony" conviction for voluntary manslaughter occurred before November 19, 1990, the date on which Congress added crime of violence to the definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43). We hold that Appellant's conviction under 8 U.S.C. § 1326(b)(2) must be reversed under United States v. Gomez-Rodriguez, 96 F.3d 1262 (9th Cir.1996) (en banc), but order entry of a judgment of conviction for the lesser-included offense of 8 U.S.C. § 1326(b)(1).[2]
 I.
 The 1990 amendments to 8 U.S.C. § 1101(a)(43) are intended to apply to "offenses committed on or after the date of the enactment of this Act." Pub.L. No. 101-649, § 501(b), 104 Stat. at 5048 (1990). In Gomez-Rodriguez, this court held, en banc, that a conviction under 8 U.S.C. § 1326(b)(2) must be reversed where the "aggravated felony" conviction occurred before the definition of aggravated felony under section 1101(a)(43) was expanded to include the offense underlying that conviction. 96 F.3d at 1263. At the time Appellant was convicted of voluntary manslaughter, voluntary manslaughter was not among the crimes defined as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). Therefore, Appellant's conviction under 8 U.S.C. § 1326(b)(2) must be reversed.
 II.
 Conceding that Gomez-Rodriguez requires reversal of Appellant's conviction, the government argues that this court should order the entry of a judgment on the "lesser included" offense of 8 U.S.C. § 1326(b)(1). This court may enter a judgment of conviction on a lesser-included offense where the following conditions are met: (1) the lesser offense must be a lesser-included offense--a 'subset' of the greater one; (2) where the conviction followed a bench trial, "the record must show that the judge was expressly advised that the greater offense necessarily included the lesser one;" and (3) the government must request on appeal that judgment be entered against the defendant on the lesser offense. United States v. Vasquez-Chan, 978 F.2d 546, 554 & 554 n. 5 (9th Cir.1992) (footnotes omitted).[3]
 Applying the above test, we conclude that ordering the entry of judgment of conviction of the lesser-included offense, 8 U.S.C. § 1326(b)(1), is proper in this case. Section 1326(b)(1) is a lesser-included offense of section 1326(b)(2). United State v. Gonzalez-Medina, 976 F.2d 570, 572 (9th Cir.1992). Based upon the record in this case, we conclude that the district court judge expressly found that the elements for conviction of 8 U.S.C. § 1326(b)(1) were present. The district court in Appellant's case referred to section 1326(b)(1) as a lesser included offense in describing section 1326(b)(2) as the most serious offense, "but all others would be lesser-included--1326(b)(1) and 1326(a) would be a lesser-included offense that the trior [sic] of fact could consider." Indeed, the district court necessarily found that there was sufficient evidence to convict under 8 U.S.C. § 1326(b)(1) where it entered a judgment of conviction under the greater offense 8 U.S.C. § 1326(b)(2). Vasquez-Chan, 978 F.2d at 554, citing with approval, United States v. Franklin, 728 F.2d 994, 1000-01 (8th Cir.1984) (entering judgment of conviction of lesser-included offense where district court necessarily found elements present in convicting defendant of greater offense); United States v. Dinkane, 17 F.3d at 1198 (where evidence is insufficient to support a guilty verdict on the greater offense but sufficient on the lesser offense and where Vasquez-Chan test is met, the court of appeal may direct the trial court to enter a judgment of conviction on a lesser offense). Finally, the government has requested on appeal that judgment be entered against the defendant on the lesser offense.
 Conclusion
 Appellant's conviction under 8 U.S.C. § 1326(b)(2) is vacated. The district court is directed to enter a judgment of conviction for the lesser-included offense of reentry following a deportation which was subsequent to a conviction of a felony under 8 U.S.C. § 1326(b)(1). The judgment is REVERSED and the case is REMANDED for proceedings consistent with this disposition.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Hon. Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 U.S.C. § 1326 provides:
 "(a) Subject to subsection (b) of this section, any alien who--
 (1) has been arrested and deported or excluded an deported, and thereafter
 (2) Enters, attempts to enter, or is at any time found in, the United States....
 shall be fined under Title 18, or imprisoned not more than 2 years, or both.
 (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
 (1) whose deportation was subsequent to a conviction for ... a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both; or
 (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both."
 8 U.S.C. § 1326(b).
 
 
 [2]
 Because we vacate Appellant's conviction, the issue of whether the district court erred in applying the sentencing guidelines is moot
 
 
 [3]
 At the time Vasquez-Chan was decided, no Ninth Circuit panel had ever entered judgment of a lesser-included offense. Id. at 553-54. Since that time, the Ninth Circuit has done so in United States v. Dinkane, 17 F.3d 1192, 1198-99 (9th Cir.1994)