108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramiro ARROYO-MAGDALENO, Defendant-Appellant.
 No. 95-10336.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Submission Deferred July 17, 1996.
Resubmitted March 6, 1997.
Decided March 6, 1997.
 
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 ORDER
 
 1
 By order entered July 17, 1996, submission of this case was deferred pending this court's en banc decision in United States v. Gomez-Rodriguez, 96 F.3d 1262 (9th Cir.1966) (en banc). In view of that decision this case is therefore resubmitted.
 
 
 2
 ORDER**
 
 
 3
 In 1988, Defendant-Appellant Ramiro Arroyo-Magdaleno (Arroyo), an illegal alien, was convicted of a charge of assault with a deadly weapon and was deported. In September, 1993, federal agents discovered Arroyo in an Arizona jail, where he had been booked under an assumed name on state criminal charges. After Arroyo was acquitted on the state charges, the federal agents charged him on March 3, 1994 with one count of illegal reentry after deportation for an aggravated felony, a violation of 8 U.S.C. § 1326(b)(2). On May 11, 1995 he was convicted and the court sentenced him to 98 months in prison and 36 months of supervised release. He now appeals.
 
 
 4
 We vacated an earlier order and deferred submission of this case pending this court's decision in United States v. Gomez-Rodriguez, 96 F.3d 1262 (9th Cir.1996) (en banc). In that case, like this one, the defendant was an illegal alien charged with illegal reentry after deportation for an aggravated felony. This court held that Gomez-Rodriguez' October 26, 1990 conviction for assault with a deadly weapon could not be used against him in a prosecution for his 1994 illegal reentry, because he committed the assault with a deadly weapon before November 29, 1990, the effective date of the amendment to the statute adding crimes (including assault with a deadly weapon) to the list of aggravated felonies. The facts of Arroyo's case are identical. He committed assault with a deadly weapon in 1988, well before the amendment's effective date of November 29, 1990. Thus, he cannot be charged with illegal reentry after deportation for an aggravated felony, because at the time he committed the assault with a deadly weapon, it was not an aggravated felony.
 
 
 5
 In Gomez-Rodriguez, we held that "an aggravated felony conviction is a necessary element of a crime charged under section 1326(b)(2)," and that the indictment was properly dismissed for lack of the requisite aggravated felony conviction. Id. at 1265. Arroyo similarly was indicted under § 1326(b). Accordingly, we reverse his conviction, and we need not address Arroyo's other contentions.
 
 
 6
 REVERSED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3