**UNITED STATES of America,**

v.

**Maurice KINGSTON, Defendant.**

**No. 96 Cr. 998(SS).**

United States District Court,
S.D. New York.

April 29, 1997.

Leonard F. Joy, The Legal Aid Society, Federal Defender Div., New York City, for Defendant.

Nicole A. Labarbera, Asst. U.S. Atty., U.S. Dept. of Justice, U.S. Attorney, Southern Dist. of New York, New York City, for U.S.

## *OPINION AND ORDER*

SOTOMAYOR, District Judge.

In October 1983, defendant was convicted, in New York state court, for the criminal sale of a controlled substance. In May 1985, defendant was lawfully deported from the United States to Belize. In or about 1990, defendant reentered the United States. In July 1996, during an interview conducted by an agent with the Immigration and Naturalization Service ("INS"), defendant admitted his identity, his citizenship, and that he reentered the United States in 1990 without first requesting or receiving permission from the United States Attorney General.

An information was filed against defendant charging him with violating 8 U.S.C. § 1326(b)(2) by illegally reentering the United States following his deportation after a conviction for an aggravated felony. Defendant now moves for the dismissal of the information against him on the grounds that his conviction for the sale of controlled sub-

stances occurred prior to the time that such crimes were first classified as aggravated felonies for purposes of 8 U.S.C. § 1326(b)(2). For those reasons to be discussed, the Court rejects defendant's challenge, under the *ex post facto* clause of the Constitution, to the classification of his 1983 drug conviction as an aggravated felony.

## *DISCUSSION*

The Anti Drug Abuse Act of 1988 added 8 U.S.C. § 1326(b) to the immigration laws, and thereby increased the criminal penalties for illegal reentry into the United States by any alien who had been deported following an earlier conviction for an aggravated felony. Pub.L.No. 100–690, 102 Stat. 4181. The 1988 Act defined aggravated felony, under 8 U.S.C. § 1101(a)(43), to encompass murder, drug trafficking, firearms trafficking, and conspiracy to commit any of those acts. A similar definition of aggravated felony was incorporated into the sentencing guidelines, which provide for a 16 level sentence enhancement in the case of illegal reentry following a conviction for an aggravated felony.[1] *See* U.S.S.G. § 2L1.2. The parties agree that if the 1988 definition of aggravated felony applies to defendant's 1983 drug conviction, then defendant is an aggravated felon for purposes of his prosecution under 8 U.S.C. § 1326(b) and his sentencing under U.S.S.G. § 2L1.2.

Defendant contends that his conviction for the criminal sale of controlled substances cannot now be deemed an aggravated felony because it occurred before the Anti Drug Abuse Act first defined the term aggravated felony for purposes of prosecutions under the immigration laws. The 1988 Act provides that 8 U.S.C. § 1326(b) applies to "any alien who enters, attempts to enter or is found in, the United States on or after the date of enactment of [the November 18, 1988] Act." Pub.L. No. 100–690, Title VII, Subtitle J, § 7345(a). For reasons explained by the First Circuit, defendant's position cannot be reconciled with this provision:

---

1. The definition of aggravated felony, under both 8 U.S.C. § 1101(a)(43) and U.S.S.G. § 2L1.2, has been amended several times since 1988 to reach a variety of additional crimes. These amend-

ments are not presently at issue, because if defendant's drug conviction qualifies as an aggravated felony, it qualifies under the terms of the 1988 Act.

For an alien reentering the United States on November 18, 1988 to be subject to these criminal penalties, the alien would need to have suffered a conviction and deportation before November 18, 1988. It would be virtually impossible for an alien convicted of an aggravated felony to reenter or be found in the United States on the date of enactment unless the definition of aggravated felony included convictions occurring before that date.

*United States v. Troncoso,* 23 F.3d 612, 614 (1st Cir.1994) (quoting In *Matter of A–A–,* Interim Dec. 3176 (BIA 1992)), *cert. denied,* 513 U.S. 1116, 115 S.Ct. 912, 130 L.Ed.2d 793 (1995). The *Troncoso* Court is not alone: every federal circuit court to have considered this issue has concluded that the 1988 definition of aggravated felony applies to the specified crimes, no matter when committed. *See, e.g., United States v. Arzate–Nunez,* 18 F.3d 730, 734–35 (9th Cir.1994); *United States v. Cabrera–Sosa,* 81 F.3d 998, 1000–01 (10th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 218, 136 L.Ed.2d 151 (1996).

█ The offense actionable under 8 U.S.C. § 1326 is not defendant's drug crime, but his illegal reentry into the United States. *See United States v. Cole,* 32 F.3d 16, 18 (2d Cir.) ("Section 1326(b) does not create a separate criminal offense, but is a sentence-enhancement provision for the offense defined in section 1326(a)."), *cert. denied,* 513 U.S. 993, 115 S.Ct. 497, 130 L.Ed.2d 407 (1994). Defendant reentered the United States in 1990, well after the Anti Drug Abuse and Immigration Act first announced enhanced penalties in connection with illegal reentry following a deportation after the commission of an aggravated felony. Accordingly, and contrary to defendant's arguments, application of 8 U.S.C. § 1326(b)(2) in this action presents no problem under the *ex post facto* clause of the United States Constitution. *See United*

*States v. Forbes,* 16 F.3d 1294, 1302 (1st Cir.1994) (an enhanced penalty, "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is the latest one.") (citing *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258–59, 92 L.Ed. 1683 (1948)); *see also United States v. Saenz–Forero,* 27 F.3d 1016, 1019–21 (5th Cir.1994); *Cabrera–Sosa,* 81 F.3d at 1001.

Defendant relies principally upon a recent *en banc* opinion by the Ninth Circuit which declined to apply certain 1990 amendments to the definition of aggravated felony to acts committed before the effective date of the amending provision. *See United States v. Gomez–Rodriguez,* 96 F.3d 1262 (9th Cir. 1996). As the government contends, however, the *Gomez* decision is inapposite. The Court in *Gomez* did not address whether the 1988 definition of aggravated felony applies retroactively, but interpreted the effective date provision of 1990 amendments to section 1101(a)(43) to preclude retroactive application of certain of the newly defined aggravated felonies.[2] Recognizing that there was no similar effective date provision in the 1988 Anti Drug Abuse and Immigration Act, the *Gomez* Court itself suggested that retroactive application of the earlier defined aggravated felonies would be appropriate. *Id.* at 1265. Indeed, the *en banc* panel determined that its holding was consistent with the Ninth Circuit's prior decision in *United States v. Arzate–Nunez,* 18 F.3d 730 (9th Cir.1994), in which the Court applied the 1988 definition of aggravated felony retroactively.

In short, defendant finds no support for his position either in logic or in precedent. Accordingly, his 1983 drug conviction properly renders him an aggravated felon for pur-

---

**2.** The Immigration Act of 1990, which amended the definition of aggravated felony to include certain crimes, such as crimes of violence, included the following, effective date provision:

  (b) Effective Date—The amendments made by subsection (a) shall apply to offenses committed on or after the date of enactment of this Act, except that the amendments made by paragraphs (2) and (5) of subsection (a) shall be effective as if included in the enactment of

section 7342 of the Anti–Drug Abuse Act of 1988.

Immigration Act of 1990, Pub.L. No. 101–649, 501(b). The Ninth Circuit interpreted this provision to mean that the newly defined aggravated felonies (excepting those described in paragraphs (2) and (5) of subsection (a)) could be deemed aggravated felonies only to the extent that they occurred after the effective date of the Act, November 29, 1990. *Gomez,* 96 F.3d 1262.

poses of his current prosecution under 8 U.S.C. § 1326(b), and for purposes of any sentencing that may yet be necessary under U.S.S.G. § 2L1.2.[3]

### CONCLUSION

Defendant's 1983 drug conviction properly renders him an aggravated felon for purposes of his prosecution under 8 U.S.C. § 1326(b)(2), and for purposes of sentencing under U.S.S.G. § 2L1.2.

**SO ORDERED**

**3.** Defendant makes the additional argument that his due process rights were violated because immigration officials warned him, prior to the last time that he was deported, that he would face a potential two year prison term if he were to return to the United States illegally. Since that time, however, the maximum penalty under 8 U.S.C. § 1326(b)(2) has been increased to twenty years. Defendant's allegation does not give rise to any due process concerns. *See United States v. McCalla*, 38 F.3d 675 (3d Cir.1994) (holding that due process does not require that government be limited to maximum sentence set out in government's own inaccurate notice of current law provided to defendant), *cert. denied*, — U.S. ——, 115 S.Ct. 1968, 131 L.Ed.2d 857 (1995); *see also United States v. Samaniego–Rodriguez*, 32 F.3d 242, 244 (7th Cir.1994) ("regardless of the inaccuracy of Form I–294, the statute under which the defendants were convicted provided notice adequate to satisfy the requirements of due process."), *cert. denied*, — U.S. ——, 115 S.Ct. 1432, 131 L.Ed.2d 312 (1995); *United States v. Perez–Torres*, 15 F.3d 403, 406 (5th Cir.), *cert. denied*, 513 U.S. 840, 115 S.Ct. 125, 130 L.Ed.2d 69 (1994); *cf. United States v. Amaya–Benitez*, 69 F.3d 1243, 1249 (2d Cir.1995) ("The government was not required to prosecute the defendant on his first reentry and in foregoing prosecution at that time, the government could not have anticipated either a second reentry or that the penalties for reentry would be enhanced in the interim.").