928 P.2d 635

**STATE of Arizona, Petitioner,**

v.

**The ARIZONA DEPARTMENT OF CORRECTIONS, Terry L. Stewart, Director, Respondent,**

and

**John DOE, Real Parties in Interest.**

**STATE of Arizona, Appellee,**

v.

**Sharon Lee TARANGO, Appellant.**

**No. CV–96–0483–SA.**

Supreme Court of Arizona,
En Banc.

Dec. 5, 1996.

---

Grant Woods, Attorney General by Paul J. McMurdie, Linda L. Knowles, Phoenix, for State of Arizona.

Dean W. Trebesch, Maricopa County Public Defender by Paul J. Prato, Phoenix, for Sharon Lee Tarango and Real Parties in Interest.

## OPINION

FELDMAN, Chief Justice.

The State of Arizona brought this special action to request clarification of this court's holding and disposition in *State v. Tarango*, 185 Ariz. 208, 914 P.2d 1300 (1996). We granted jurisdiction solely to clarify our opinion in *Tarango* and now reaffirm. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(1).

On April 16, 1996, this court filed its opinion in *Tarango*, approving the court of appeals' opinion as supplemented. Neither party filed a motion for reconsideration, and this court's mandate issued on May 9, 1996.

Pursuant to our holding in *Tarango*, the Arizona Department of Corrections began reclassifying the parole eligibility of defendants sentenced under A.R.S. § 13–604. On August 30, 1996, the State filed this petition for special action challenging any retroactive effect of *Tarango*. Simultaneously, the State filed in *Tarango* motions to recall the mandate, for clarification, and for stay. On consideration and after hearing oral argument, we accepted jurisdiction of the special action, treated the motions filed in *Tarango* as special action petitions, and consolidated all matters.

## DISCUSSION

In *Tarango*, we held that when the State seeks enhanced penalties for dangerous or repeat offenders under A.R.S. § 13–604, that section, with its exclusive penalty provisions, explicitly provides the sentencing scheme. Therefore, defendants sentenced pursuant to § 13–604 are entitled to the parole eligibility provisions of that statute. In the closing sentences of *Tarango* we stated:

> The Department of Corrections should *henceforth* calculate parole eligibility dates in accordance with this opinion. Post-conviction relief is available to correct any denial of parole eligibility which is at variance with this opinion.

*Tarango*, 185 Ariz. at 212, 914 P.2d at 1304 (emphasis added).

### A. Definition of "henceforth"

The State contends that because of the word "henceforth," this court "appeared to indicate that *Tarango* would only be applied prospectively to defendants whose convictions were not yet final at the time *Tarango* was announced." Petition for Special Action at 5. Yet, the State concedes that this interpretation is directly contradicted by the opinion's next sentence allowing defendants denied parole eligibility based on an interpretation of § 13–604 "at variance with" *Tarango*'s holding to seek post-conviction relief.

The Department of Corrections, in compliance with *Tarango*, started reclassifying the affected defendants shortly after the mandate issued. Nevertheless, the State re-

quests clarification of the retroactive effect of *Tarango*, arguing for prospective effect only.

To dispel any confusion, though we see no ambiguity at all, "henceforth," as used in the closing sentences of *Tarango*, simply had and has the customary meaning of "from now on." Thus, "[t]he Department of Corrections should henceforth [from now on] calculate parole eligibility dates in accordance with this opinion." When read in context, we simply instructed the Department of Corrections to begin, in all new cases that reach it, to calculate parole eligibility in accordance with the correct interpretation of the statute. The next sentence, making post-conviction relief available to those whose parole eligibility could not be resolved administratively, for whatever reason, made it quite clear that our holding was to apply retroactively. Otherwise reference to post-conviction relief would lack any meaning.

**B. Retroactive application**

We disagree with the State's argument that *Tarango* should not be applied retroactively. We did not change the meaning of § 13–604 in *Tarango*, we simply construed its meaning and its application to those who were sentenced under it. To hold that § 13–604 meant something different for inmates sentenced prior to *Tarango* would be a logical impossibility. Simply put, there is no retroactivity issue here.

The State argues that trial judges might have given longer sentences to some defendants sentenced under § 13–604 had they known these defendants would be eligible for parole. Even assuming this is so, we cannot vacate the sentences of those affected by *Tarango* or order that each defendant sentenced under § 13–604 be resentenced in light of *Tarango*. We know of nothing giving this court the authority to reopen closed cases and take such action.

We have, of course, no desire to see potentially dangerous people released any sooner than the law requires. Parole eligibility, however, *does not* equate with early release. We made this quite clear in *Tarango:* "parole eligibility does not compel release on parole." 185 Ariz. at 211, 914 P.2d at 1303.[1] Because parole is not automatic, the defendants affected by *Tarango* may indeed serve the entire sentence imposed upon each of them. That determination is left to the parole board.[2] Presumably, the State will make its views on each potential release known to the parole board.

The issue of early release credits, which the State raised in its present pleadings, was neither raised nor decided in *Tarango*. We cannot and therefore do not decide it today, in proceedings brought to determine the question of retroactive application of what we decided in *Tarango*.

**CONCLUSION**

If clarification was needed, our holding in *Tarango* is now clarified. We therefore deny relief. The Department of Corrections shall continue to reclassify the parole eligibility of all inmates sentenced under A.R.S. § 13–604. Post-conviction relief is still available to correct any denial of parole eligibility at variance with that opinion.

ZLAKET, Vice C.J., and MOELLER and JONES, JJ.

MARTONE, Justice, dissenting.

Today's decision follows directly from the court's decision in *Tarango*. For the reasons fully set forth in my *Tarango* dissenting opinion, 185 Ariz. 208, 213–14, 914 P.2d 1300, 1305–06, I respectfully dissent.

A single observation is in order. The court says that it cannot decide the early release credit issue raised in this case because it was neither raised nor decided in *Tarango*. But it is raised here. I see no

---

1. We also noted that "because parole is not automatic, [Tarango] may serve her entire sentence, which is more than double the presumptive sentence she would have served as a first-time offender." *Id.* at 212, 914 P.2d at 1304.

2. *See State v. Harris*, 133 Ariz. 30, 31, 648 P.2d 145, 146 (App.1982) ("Whether or not a prisoner is eligible for release on parole or absolute discharge is not for courts to decide—it is within the control of the board of pardons and paroles, or the department of corrections." (citations omitted)).

basis upon which to distinguish parole eligibility and early release credits in light of the court's understanding of A.R.S. § 13–604. Thus, to the extent that the court is correct in *Tarango*, § 13–604 applies to early release credits as well as parole eligibility. I believe that saying so here would avoid further uncertainty and litigation.