995 P.2d 742

**STATE of Arizona, Appellant,**

v.

**Tyrus Lopez JONES, and Kathleen Theresa Oliver, Appellees.**

**Nos. 1 CA–CR 99–0087, 1 CA–CR 99–0088.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 2, 1999.

Review Denied Feb. 8, 2000.

Richard M. Romley, Maricopa County Attorney by Jason D. Lamm, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Dean W. Trebesch, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender and Russell G. Born, Deputy Public Defender, Phoenix, Attorneys for Appellees.

OPINION

KLEINSCHMIDT, Judge.

¶ 1 In 1998 Tyrus Jones pled guilty to possession of narcotic drugs, a class 4 felony, and was sentenced to three years intensive probation with jail time and community service. Later, while he was still on probation, he was convicted of possession of marijuana, a class 6 undesignated felony. This conviction worked an automatic violation of probation. Jones was placed on intensive probation, fined, and given additional jail time and community service on the marijuana conviction and placed on intensive probation on the first conviction.

¶ 2 In 1998 Kathleen Oliver was convicted of possession of narcotic drugs, a class 4 felony, and placed on four years intensive probation with jail time and community service. Several months later she was convicted of attempted possession of narcotic drugs, a class 5 felony. For the new offense she was placed on three years standard probation and as to the earlier conviction, she was reinstated on intensive probation for four years.

¶ 3 The State, contending that the trial judge was under the erroneous belief that the law would not allow her to sentence the Defendants to prison on the probation violations, appealed the sentences. The appeals were consolidated.

¶ 4 The issue turns on the construction of Arizona Revised Statutes Annotated ("A.R.S.") section 13–901.01. The statute was enacted as part of the Drug Medicalization, Prevention, and Control Act of 1996, which had been initiated and approved by the voters as Proposition 200. For ease of reference, the entire statute is set forth in the appendix to this decision.

¶ 5 Section 13–901.01 provides that nonviolent first-time drug offenders must be placed on probation and ordered to participate in an appropriate drug treatment or education program. Subsection (E) provides that if a person placed on probation pursuant to the act violates probation, he or she

> shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other *sanctions short of incarceration.*

(Emphasis added.)

¶ 6 The State argues that the trial judge was required to sentence the Defendants to prison upon their violation of intensive probation. It reasons as follows. Section 13–901.01(F), A.R.S., allows the imposition of intensive probation for a second drug possession offense. Persons on intensive probation, the State says, are implicitly subject to the entire statutory scheme that relates to intensive probation. This scheme includes A.R.S. section 13–917(B), which requires that a violation of intensive probation carry a mandatory sentence of imprisonment. The State explains away section 13–901.01(E), which prescribes a sentence "short of incarceration," by saying that it applies only to first-time offenders and not to second-time offenders who were placed on intensive probation under subsection (F).[1]

¶ 7 We disagree with the State. Every provision of a statute must be read in conjunction with the other provisions, giving meaning, if possible, to "each word, clause or sentence, considered in the light of the entire act itself and the purpose for which it was enacted into law." *Frye v. South Phoenix Volunteer Fire Co.,* 71 Ariz. 163, 168, 224 P.2d 651, 654 (1950). Subsection (A) establishes the permissible punishment for a first conviction—probation. Subsection (F) establishes the permissible punishment for a second conviction—probation which may include "additional conditions." Neither subsection addresses the punishment for a violation of probation. Subsection (E), however, begins with the words, "A person who has been placed on probation *under the provisions of this section.* ..." (Emphasis added.) Logically, subsection (E) sets forth the permissible punishment for a violation of probation imposed under any of the subsections of section 13–901.01, not just for a violation of probation imposed under subsection (A). Had the drafters intended otherwise, they could have said so instead of referring broadly to "probation imposed under the provisions of this section."

¶ 8 The State argues that the interpretation we give the statute repeals section 13–917 or renders it "superfluous, void, contradictory, or insignificant." We disagree. Section 13–917 remains intact for every offender except those convicted of a first or second possessory drug offense.

¶ 9 The State also argues that public policy requires the application of section 13–917 to possessory drug offenders who violate inten-

---

1. The parties dispute whether the Defendants are first- or second-time offenders under A.R.S. § 13–901.01. We need not resolve this issue, however, because even if the State is correct and these are second offenses, we conclude that § 13–917(B) does not apply.

sive probation because without the sanction of incarceration, the purpose of intensive probation will be thwarted. The argument is overstated because the court has other alternatives that it can resort to, like home arrest, fines, intensive treatment programs, and additional community service. So too, a probationer who habitually violates probation by committing crimes presumably will eventually face incarceration for those offenses.

¶ 10 We conclude that mandatory probation under the circumstances presented by these cases is within the spirit and letter of Proposition 200. Our confidence in that conclusion is bolstered by the fact that Division Two of this court recently reached the same conclusion in the case of *State v. Thomas,* 196 Ariz. 312, 996 P.2d 113 (App.1999).

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and JON W. THOMPSON, Judge.

### APPENDIX

**§ 13–901.01. Probation for persons convicted of personal possession and use of controlled substances; treatment; prevention; education**

**A.** Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

**B.** Any person who has been convicted of or indicted for a violent crime as defined in § 41–1604.15, subsection B is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.[2]

**C.** Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production, manufacturing, or transportation for sale of any controlled substance.

**D.** If a person is convicted of personal possession or use of a controlled substance as defined in § 36–2501, as a condition of probation, the court shall require participation in an appropriate drug treatment or education program administered by a qualified agency or organization that provides such programs to persons who abuse controlled substances. Each person enrolled in a drug treatment or education program shall be required to pay for participation in the program to the extent of the person's financial ability.

**E.** A person who has been placed on probation under the provisions of this section and who is determined by the court to be in violation of probation shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment,community service, intensive probation, home arrest, or any other sanctions short of incarceration.

**F.** If a person is convicted a second time of personal possession or use of a controlled substance as defined in § 36–2501, the court may include additional conditions of probation it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other action within the jurisdiction of the court.

**G.** A person who has been convicted three times of personal possession or use of a controlled substance as defined in § 36–2501 is not eligible for probation under the provisions of this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.

---

**2.** Section 13–3401 *et seq.*