UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco Antonio PARADA–MOLINA,
Defendant–Appellant.

No. 00–10173.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Decided Jan. 19, 2001.

Before REINHARDT, LEAVY and
SILVERMAN, Circuit Judges.

MEMORANDUM[1]

Francisco Antonio Parada–Molina plead guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). The district court imposed a sixteen point offense level enhancement pursuant to U.S.S.G. § 2L1.2 (commission of an aggravated felony prior to reentry). Parada–Molina appeals the sentencing enhancement because he contends that his prior offense, possession of narcotic drugs, was not an aggravated felony. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Parada–Molina's prior offense constitutes an aggravated felony if Arizona law denominates the offense a felony. *See*

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*United States v. Ibarra–Galindo,* 206 F.3d 1337, 1339 (9th Cir.2000). Parada–Molina concedes that in 1994, when he was arrested for possession of narcotic drugs under A.R.S. § 13–3408, the crime was a felony under Arizona law.

Parada–Molina asserts, however, that this crime is no longer a felony under Arizona law due to the passage of Proposition 200 in 1996, later codified as A.R.S. § 13–901.01. Proposition 200 prohibits judges from imposing any incarceration on certain drug possession offenders. Parada–Molina argues that since an offender of his same crime can no longer be sentenced · to at least one year of incarceration, the crime itself is no longer a felony under Arizona law. *See* A.R.S. § 13–105(16) (West 2000) (general definition of a felony).

When the language of a statute is clear and unambiguous, Arizona courts apply that language. *See Calik v. Kongable,* 195 Ariz. 496, 990 P.2d 1055, 1057 (Ariz. 1999)(en banc). Even after the passage of Proposition 200, the plain language of A.R.S. § 13–3408 expressly continued to classify possession of narcotic drugs as a class four felony. *See* A.R.S. § 13–3408 (West 2000). Arizona Revised Statute § 13–901.01 did not purport to change the classification of possession of narcotic drugs to a misdemeanor. *See* § 13–901.01 (West 2000). Nor did it address the maximum possible fine or the maximum possible length of probation. By its express terms, it dealt only with incarceration. Arizona employs, in the interpretation of criminal statutes, the principle of expressio unius est exclusio alterius. *Champlin v. Sargeant,* 192 Ariz. 371, 965 P.2d 763 (Ariz.1998). It follows, therefore, that after Proposition 200, possession of narcotic drugs remained a class four felony, albeit one for which a felony fine and felony probation but no incarceration is possible.

Arizona cases decided after Proposition 200 was enacted in 1996, show that Arizona courts continue to treat possession of narcotic drugs as a class four felony. *See e.g., Calik,* 990 P.2d at 1056 ("In 1997, David Peter Calik pleaded guilty to possession of methamphetamine weighing less than nine grams, a class 4 felony."), *State v. Jones,* 196 Ariz. 306, 995 P.2d 742, 743 (Ariz.Ct.App.2000)("In 1998 Tyrus Jones pled guilty to possession of narcotic drugs, a class four felony, . . . ."); *Goddard v. Superior Court,* 191 Ariz. 402, 956 P.2d 529, 530 (Ariz.Ct.App.1998) ("On November 19, 1997, Petitioner Cicero Goddard pled guilty to possession of narcotic drugs, a class 4 felony.").

Because possession of narcotic drugs was and is a felony under Arizona law, the district court did not err in granting a sixteen level enhancement.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

I would hold that the Arizona voter initiative repealed by implication A.R.S. § 13–3408, to the extent that a first-time drug possession offense is no longer a felony under Arizona law. Moreover, I believe that in order to impose a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2, the prior offense must have been an aggravated felony both at the time the act was committed and at the time of the illegal reentry. *United States v. Gomez–Rodriguez,* 96 F.3d 1262 (9th Cir.1996), holds only we do not consider a prior conviction an "aggravated felony" if it was not defined as an aggravated felony at the time the act was committed. *Gomez–Rodriguez* does not address whether an offense that was defined as a felony at the time of conviction, but not at the time of the illegal reentry, may be treated as a felony under § 2L1.2. Accordingly, I would hold that the district court erred in applying the sentence enhancement for Parada–Molina's prior drug possession conviction.

LEAVY, District Judge, concurring.

I concur in the result reached in the memorandum affirming the district court's imposition of a sentence enhancement pursuant to U.S.S.G. § 2L1.2 (commission of an aggravated felony prior to reentry). However, I believe that our analysis should focus only upon whether the defendant was convicted of an "aggravated felony" prior to his deportation. This defendant was. Our court has previously rejected the argument that we should look to the definition of "aggravated felony" as it existed on the date of reentry. *United States v. Gomez–Rodriguez*, 96 F.3d 1262, 1265 (9th Cir.1996) (when conviction for assault with a deadly weapon was not defined as an "aggravated felony" at the time of conviction, this conviction does not constitute a necessary element of a crime under 8 U.S.C. § 1326(b)(2)). Any change in Arizona law after Parada–Molina's felony conviction is of no consequence.