43 P.3d 218

STATE of Arizona, Appellant,

v.

Dean Thomas TOUSIGNANT, Appellee.

No. 1 CA–CR 01–0418.

Court of Appeals of Arizona,
Division 1, Department B.

April 9, 2002.

Richard M. Romley, Maricopa County Attorney, By Diane Gunnels Rowley, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender, By Charles R. Krull, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

GEMMILL, Judge.

¶ 1 May a defendant who has violated his probation under Proposition 200 then choose to reject any further probation? We hold, in accordance with Arizona Revised Statutes ("A.R.S.") § 13–901.01(E)(2001), that such a defendant cannot reject probation and the trial court must continue the defendant on probation and impose appropriate additional conditions. We therefore vacate the trial court's order and remand for reinstatement of probation with appropriate additional terms.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 On March 21, 2000, the trial court placed Tousignant on mandatory probation pursuant to A.R.S. § 13–901.01, after he had pled guilty to solicitation to possess narcotics—his second drug offense conviction. As conditions of probation, the court directed Tousignant to report to drug court, complete an outpatient substance abuse program, and

serve a sixty-day jail sentence, with the date for the sentence to be determined at a later hearing.

¶ 3 On September 12, 2000, the State filed a petition to revoke Tousignant's probation, alleging, among other things, that Tousignant had failed to report to his probation officer and had not participated in the drug court program. At the hearing on the State's revocation petition, Tousignant informed the court that he wished to reject probation.[1] Tousignant did not suggest that he was willing to waive the benefits of Proposition 200 and consent to incarceration in conjunction with his rejection of probation. The court accepted Tousignant's rejection of probation, terminated the probation as unsuccessfully completed, and released Tousignant from custody. The State objected, arguing that the trial court at least should have imposed the original sixty-day jail term. The court questioned its authority to impose a jail term when Tousignant had rejected probation. The State responded that Tousignant could not reject probation, or if he did, he could be incarcerated in the Department of Corrections. The court did not alter its decision. The State timely appealed.

## DISCUSSION

%¶ 4 The State argues that A.R.S. § 13–901.01 required the trial court to reinstate probation with additional terms in response to Tousignant's probation violation. The State contends that the trial court had no authority to terminate probation as unsuccessful and that Tousignant could not reject probation because incarceration is not available as an alternative under Proposition 200. Alternatively, the State argues that if Tousignant can reject probation, the court should be able to incarcerate him. We independently review the court's probation ruling because the issue presented involves statutory interpretation and thus is one of law. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

¶ 5 This case involves the interpretation and application of Proposition 200.

Section 13–901.01, is a portion of Proposition 200, an initiative approved by voters in 1996. *See* A.R.S. § 13–901.01, Historical and Statutory Notes. Under this statute, a person convicted of a first or second offense for personal possession or use of illegal drugs may not be sentenced to prison but instead must be placed on probation and directed to undergo court-supervised drug treatment. A.R.S. § 13–901.01(A), (F). The court may not impose jail as a condition of probation for a first offense but may do so for a second offense. *Calik v. Kongable*, 195 Ariz. 496, 499, ¶¶ 12–13, 990 P.2d 1055, 1058 (1999). The express purposes of Proposition 200 were to require non-violent persons convicted of personal possession or use of drugs to undergo court-supervised treatment and to free space in prisons for violent offenders. 1997 Ariz. Sess. Laws 2897 (Proposition 200, §§ 3(C), (E)).

¶ 6 The State argues that allowing Tousignant to reject probation violates the intent of Proposition 200 and the specific language of A.R.S. § 13–901.01(E). We agree. Probation is mandatory for first and second convictions for personal possession or use of drugs. To allow a defendant such as Tousignant to violate his probation and then reject any further probation is both illogical and contrary to one express purpose of Proposition 200: to provide drug treatment and rehabilitation in the context of probation. To allow Tousignant to reject probation also contravenes the plain language of subsection E, which provides:

A person who has been placed on probation under the provisions of this section and who is determined by the court to be in violation of probation *shall have new conditions of probation established by the court.* The court shall select the *additional conditions* it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other such sanctions short of incarceration.

A.R.S. § 13–901.01(E) (emphasis added). This statute requires that Proposition 200 probation violators be reinstated on proba-

---

1. The State contends, and Tousignant apparently concedes, that Tousignant admitted the proba-tion violation. The record, however, does not reflect an admission.

tion with additional conditions. *State v. Hensley*, 201 Ariz. 74, 79–80, ¶ 22–23, 31 P.3d 848, 853–54 (App.2001). A probation violator is not permitted simply to reject probation. Nor is the trial court authorized to terminate the probation as unsuccessful. *Id.* at 79, ¶ 21, 31 P.3d at 853.

¶ 7 Tousignant argues that he has an absolute right to reject probation based on *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977). We disagree. In *Montgomery*, the defendant pled guilty to second degree burglary and was placed on probation. 115 Ariz. at 583, 566 P.2d at 1329. Montgomery appealed, arguing that one condition of that probation was unconstitutional. *Id.* Our supreme court held that if a defendant found the conditions of probation too onerous, he could "reject [probation] and ask to be incarcerated instead. . . ." *Id.* at 584, 566 P.2d at 1330.

¶ 8 *Montgomery* does not stand for the proposition that defendants convicted of offenses for which only probation is available can simply choose to reject probation and thereby avoid the statutorily defined consequences of their criminal acts. The underlying premise in *Montgomery* was that a defendant could choose between probation, with its conditions imposed by the court, or incarceration. 115 Ariz. at 584, 566 P.2d at 1330. In that case, probation was optional as an alternative to incarceration. *Id.* We agree with the State that *Montgomery* does not apply here, because incarceration is not an available option under § 13–901.01(E).

¶ 9 We remain mindful of the difficulties created by Proposition 200 defendants who do not participate in good faith in rehabilitative efforts. As another panel of this court stated recently in *Hensley:*

> We appreciate the obstacles faced by the trial court in dealing with persons who

repeatedly violate probation in Proposition 200 cases. However, as set forth in A.R.S § 13–901.01(E), the solution to this problem cannot be to reward a violator by releasing him from probation. Instead, the court should employ all legally available means to penalize an offending probationer.

201 Ariz. at 80, ¶ 23, 31 P.3d at 854. The State has urged us to address other legally available means to penalize probation violators. However, because this appeal is resolved by our holding that Tousignant had no right to reject further probation, we do not reach these alternative arguments. We also decline the State's invitation to extend our holding to cover an original sentence of probation under Proposition 200. We limit our holding to the precise issue presented by this case.

## CONCLUSION

¶ 10 The trial court erred by accepting Tousignant's rejection of probation and by terminating his probation as unsuccessful. We therefore vacate the order terminating Tousignant's probation and remand the matter to the court to reinstate probation (including the previously imposed sixty-day jail sentence) with appropriate additional terms, in accordance with A.R.S. § 13–901.01.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and NOEL FIDEL, Judge.