IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| JEREMY SEAN O'BRIEN and APRIL LUETTE STOCKTON, | ) ) ) | |
| Petitioners, | ) ) | 2 CA-SA 2003-0008 |
| v. | ) ) ) | 2 CA-SA 2003-0015 (Consolidated) DEPARTMENT B |
| THE HONORABLE PATRICIA G. ESCHER, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, | ) ) ) ) ) | O P I N I O N |
| Respondent, | ) ) | |
| and | ) ) | |
| THE STATE OF ARIZONA, | ) ) | |
| Real Party in Interest. | ) ) ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause Nos. CR-20012355 and CR-20011366

RELIEF GRANTED

Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                                                                 Tucson
                                                    Attorneys for Petitioner O'Brien


Susan A. Kettlewell, Pima County Public Defender
  By Ken Bowman                                                                          Tucson
                                                    Attorneys for Petitioner Stockton

Barbara LaWall, Pima County Attorney
  By Elizabeth Hurley
Tucson
Attorneys for Real Party in Interest

P E L A N D E R, Presiding Judge.

¶1        In these consolidated special actions, petitioners Jeremy Sean O'Brien and April Luette Stockton ask us to decide whether the November 2002 amendment by referendum of A.R.S. § 13-90l.01(E), which allows a criminal defendant convicted of a "Proposition 200" offense to be incarcerated under certain circumstances, may be applied retroactively to a defendant whose offense was committed before November 25, 2002, the effective date of the amendment, *see* article IV, pt. 1, § 1(5), Ariz. Const., but who violated the conditions of probation after that date. The other issue O'Brien raises is whether our supreme court's decision in *State v. Estrada*, 201 Ariz. 247, 34 P.3d 356 (2001), applies to his conviction and sentence for a drug paraphernalia offense he committed before *Estrada* was decided, thereby precluding the respondent judge from ordering him to serve a jail term on that conviction after finding O'Brien had violated his probation conditions.

## SPECIAL ACTION JURISDICTION

¶2        In their underlying criminal cases, petitioners were convicted of first-time drug offenses subject to Proposition 200 and were placed on probation pursuant to § 13-901.01(A). After subsequently finding that both petitioners had violated the conditions of their probation, the respondent judge imposed a new condition of probation by ordering them to serve ninety-day jail terms. This court stayed the respondent judge's orders pending our consideration of these special actions.

2

¶3 In light of the pending jail terms, which would be served by the time any appeal could be heard, petitioners do not have an equally plain, speedy, or adequate remedy by appeal. *See* Ariz. R. P. Special Actions 1(a), 17B A.R.S.; *see also Green v. Superior Court*, 132 Ariz. 468, 470, 647 P.2d 166, 168 (1982) (remedy by appeal inadequate because "[n]o matter how much the appeal might be expedited, petitioner would have served at least a substantial part of . . . [his] jail time before disposition"); *Washington v. Superior Court*, 180 Ariz. 91, 93, 881 P.2d 1196, 1198 (App. 1994) (remedy of post-conviction proceeding inadequate because probationer would have served probationary incarceration while such proceeding was pending). In addition, our acceptance of jurisdiction of these special actions is appropriate because the cases raise questions of law that are of statewide importance, apparently of first impression, and likely to recur. *See State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶4, 49 P.3d 1142, ¶4 (App. 2002); *Baker v. Superior Court*, 190 Ariz. 336, 338, 947 P.2d 910, 912 (App. 1997). We therefore accept jurisdiction of these special actions.

## BACKGROUND

¶4 In October 2001, Stockton pled guilty to solicitation to possess a narcotic drug, a class six, open-ended offense that she committed in January 2001. She was placed on probation for three years in November 2001 pursuant to § 13-901.01(A). On December 11, 2002, Stockton admitted she had violated her conditions of probation by failing to inform a probation officer that she had changed her residence, leaving the drug treatment facility where she had been residing, and not completing court-ordered community service. At a disposition hearing on December 31, the respondent judge continued Stockton's probation and ordered her to serve a ninety-day jail term as an additional condition of probation.

3

¶5        O'Brien was convicted pursuant to a plea agreement of solicitation to possess a narcotic drug and possession of drug paraphernalia based on offenses he committed in June 2001. He was placed on probation in July. On January 15, 2003, after finding O'Brien had violated his probation conditions by committing new drug-related offenses, the respondent judge extended O'Brien's probationary period and ordered him to serve a ninety-day jail term.

## DISCUSSION

### I. Retroactive Application of Amended § 13-901.01(E)

¶6        Both petitioners' convictions were subject to Arizona's "Drug Medicalization, Prevention, and Control Act of 1996," commonly known as Proposition 200, a ballot initiative passed by the electorate in 1996 and codified as A.R.S. § 13-901.01. 1997 Ariz. Sess. Laws, pp. 2895-2904. *See generally Estrada*; *State v. Tousignant*, 202 Ariz. 270, 43 P.3d 218 (App. 2002). One of the stated purposes of Proposition 200 was "to require that non-violent persons convicted of personal possession or use of drugs successfully undergo court-supervised . . . treatment." 1997 Ariz. Sess. Laws, p. 2897. Consistent with that purpose, § 13-901.01(E) provided at the time both petitioners committed their offenses:

> A person who has been placed on probation under the provisions of this section and who is determined by the court to be in violation of probation shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other such sanctions short of incarceration.

1999 Ariz. Sess. Laws, ch. 261, § 11. As Division One of this court has noted, that subsection "require[d] that Proposition 200 probation violators be reinstated on probation with additional

conditions," and "incarceration [wa]s not an available option." *Tousignant*, 202 Ariz. 270, ¶¶6, 8, 43 P.3d 218, ¶¶6, 8.

¶7        By a referendum election held on November 5, 2002, the voters approved H.C.R. 2013 (2002), commonly known as Proposition 302, which amended § 13-901.01(E).   That subsection now provides:

> A person who has been placed on probation pursuant to this section and who is determined by the court to be in violation of probation shall have new conditions of probation established by the court.   The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest or any other sanctions except that the court shall not impose a term of incarceration unless the court determines that the person violated probation by committing an offense listed in chapter 34 or 34.1 of this title or an act in violation of an order of the court relating to drug treatment.

Thus, the amended statute currently permits sentencing judges to incarcerate a person convicted of a first-time, Proposition 200 offense who later commits certain violations of the terms of his or her probation.

¶8        Both O'Brien and Stockton objected to the imposition of jail terms as probationary conditions, arguing that the amended version of § 13-901.01(E) did not apply because it was not in effect at the time they committed their offenses.   O'Brien further argued that applying the amended statute to him as authorizing the imposition of a jail term violated the constitutional prohibition against the enactment of ex post facto laws.[1]   *See* U.S. Const. art. I, § 10, cl. 1; Ariz. Const. art. II, § 25.   Petitioners reassert these arguments in their special actions, contending the respondent judge exceeded her authority by ordering them to serve a jail term.   In its response,

_____

[1]Only O'Brien provided this court the transcript of the disposition hearing.

5

real party in interest State of Arizona reviewed the applicable law but opted to "not present an argument supporting the trial court's orders at issue." At oral argument in this court, however, the state conceded error. "Although we are not required to accept the state's confession of error," *State v. Dominguez*, 192 Ariz. 461, ¶7, 967 P.2d 136, ¶7 (App. 1998), we agree with the parties that the respondent judge erred in imposing jail terms as conditions of probation.

¶9 Section § 1-244, A.R.S., states that "[n]o statute is retroactive unless expressly declared therein." Neither Proposition 302 nor its resulting amendment to § 13-901.01(E) includes any such express declaration. Additionally, A.R.S. § 1-246 provides:

> When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

That statute "is a clear and unequivocal expression of legislative intent that an offender's punishment is to be determined when he commits his offense." *Baker*, 190 Ariz. at 339, 947 P.2d at 913 (Proposition 200 not applicable to defendants who committed specified offenses before Act's effective date but were convicted thereafter); *see also State v. Jensen*, 193 Ariz. 105, ¶16, 970 P.2d 937, ¶16 (App. 1998).

¶10 We must first determine whether the respondent judge actually gave retroactive effect to § 13-901.01(E), as amended, contrary to §§ 1-244 and 1-246. When an amended statute "alters the legal consequences of a prior conviction, § 1-244 is implicated." *State v. Griffin*, 203 Ariz. 574, ¶16, 58 P.3d 516, ¶16 (App. 2002). In determining whether a new or amended statute is being applied retroactively, the inquiry is whether the "'legislation . . . disturb[s] vested substantive rights by retroactively changing the law that applies to completed events.'" *Id*. at ¶17,

6

*quoting San Carlos Apache Tribe v. Superior Court*, 193 Ariz. 195, ¶15, 972 P.2d 179, ¶15 (1999); *see also State v. Murray*, 194 Ariz. 373, ¶6, 982 P.2d 1287, ¶6 (1999). And, as we pointed out in *Griffin*, "[w]e look to the date of the offense . . . to determine whether a statute is being retroactively applied." 203 Ariz. 574, ¶8, 58 P.3d 516, ¶8.

¶11        Preliminarily, we agree with Stockton, and the state does not disagree, that "a statute authorizing the incarceration of . . . individual[s and] depriving them of their liberty deals with substantive rights." *See id.* at ¶18. By ordering petitioners to serve jail terms based on the amended statute, the respondent judge disturbed a vested, substantive right of petitioners by altering the legal consequences of their convictions as those consequences existed at the time Stockton and O'Brien committed their offenses, January 11 and June 20, 2001, respectively. At the time petitioners committed the offenses that resulted in their convictions and placement on probation, § 13-901.01(D) and (E) circumscribed sanctions that could be imposed initially as a condition of probation or for a subsequent violation of probationary conditions. And, the statute then in effect specifically prohibited sentencing judges from incarcerating defendants convicted for the first time of a Proposition 200 offense, either initially or as an additional condition of probation if the defendant violated probationary conditions. *See Calik v. Kongable*, 195 Ariz. 496, ¶6, 990 P.2d 1055, ¶6 (1999) (Proposition 200 prohibited imposition of jail term as condition of probation, noting that § 13-901.01(E), before its amendment, prohibited imposition of a jail term for first-time offenders who violate probation); *see also Tousignant*. By imposing jail terms as additional probationary conditions, the respondent judge retroactively applied the newly amended § 13-901.01(E), in violation of § 1-244.

7

¶12 Similarly, § 1-246 required the respondent judge to apply the law in effect at the time petitioners committed their offenses. In rejecting O'Brien's arguments at his disposition hearing that the application of amended § 13-901.01(E) to him violated the prohibition against the enactment of ex post facto laws, the respondent judge stated, "imposing jail as a sanction for violating probation . . . is not a sentence or a penalty for an offense." On the solicitation offenses, however, the respondent judge had no authority to impose a jail term as a new condition of probation because a jail term is a penalty for the underlying offense for purposes of § 1-246.

¶13 That a jail term constitutes a sanction is clear, albeit that it may be imposed as a condition of probation. *See State v. Fuentes*, 26 Ariz. App. 444, 449, 549 P.2d 224, 229 (1976) ("[B]oth the imposition of probation and the subsequent imprisonment after revocation constitute punishment flowing from the same offense."); *see generally Calik*; *cf. State v. Gandara*, 174 Ariz. 105, 107, 847 P.2d 606, 608 (App. 1992) (mandatory period of incarceration as condition of probation for persons convicted of aggravated driving while under influence of intoxicant was penalty commensurate with seriousness of offense that served legislature's stated purpose of deterring persons from committing such offenses). Absent express statutory authority, "a trial court cannot legally combine a prison or jail sentence with probation." *State v. Sanchez*, 191 Ariz. 418, 419, 956 P.2d 1240, 1241 (App. 1997).

¶14 Our conclusion that a jail term as a condition of probation is a penalty for purposes of § 1-246 is supported by *State v. Mendivil*, 121 Ariz. 600, 592 P.2d 1256 (1979). Our supreme court in that case acknowledged the punitive nature of certain conditions of probation, even though probation is not, technically, a sentence. *Id.* at 602, 592 P.2d at 1258; *see also Coy v. Fields*, 200 Ariz. 442 n.2, 27 P.3d 799 n.2 (App. 2001); *Sanchez*, 191 Ariz. at 419, 956 P.2d at 1241.

8

Finding that statutory changes affecting the conditions of probation could not be applied to a defendant who had committed an offense before the changes, the court reasoned that state and federal ex post facto prohibitions apply because "curtailment of the defendant's freedom however minimal constitutes a penalty," and probation is a restriction on freedom. *Mendivil*, 121 Ariz. at 602, 592 P.2d at 1258; *see also Fuentes*.

¶15 Moreover, to the extent the respondent judge imposed the jail terms as punishment for the violations of probation rather than for the underlying offenses, she lacked the authority to do so.[2] Although a court may impose a new condition of probation, or revoke probation and impose an authorized sentence on the underlying conviction, courts are not authorized to newly punish a defendant for the subsequent violation of the conditions of probation. *State v. Herrera*, 121 Ariz. 12, 15, 588 P.2d 305, 308 (1978) (punishment imposed after revocation of probation is not for violating probation conditions but for original charge); *State v. Baum*, 182 Ariz. 138, 140, 893 P.2d 1301, 1303 (App. 1995) (trial court erroneously punished defendant for violating probation conditions rather than for offense resulting in conviction and probation). The jail terms the respondent judge imposed constituted punishment for petitioners' underlying offenses. Because incarceration was not statutorily authorized under § 13-901.01(E) at the time they committed their offenses, the respondent judge violated § 1-246 in imposing the jail terms as an additional condition of probation after she found that petitioners had violated their probation conditions.

---

[2]As she had at O'Brien's disposition hearing, the respondent judge stated in her minute entry for that hearing that she had imposed jail time "as a sanction for violating the conditions of probation."

¶16         As noted above, O'Brien also contends application of the amended version of § 13-901.01(E) to his probation violation disposition violates the state and federal constitutional prohibitions against the enactment of ex post facto laws. Because both § 1-244 and § 1-246 compel us to conclude that the version of the statute in effect at the time petitioners committed their offenses determines the sanctions that may be imposed, we do not address the constitutional issue. *See State v. Coconino County Superior Court*, 139 Ariz. 422, 427, 678 P.2d 1386, 1391 (1984) (avoiding ex post facto analysis and deciding question about retroactivity of statute under § 1-244 as independent state law ground); *State v. Fallon*, 151 Ariz. 188, 189 n.1, 726 P.2d 604, 605 n.1 (App. 1986), *aff'd*, 151 Ariz. 192, 726 P.2d 608 (1986) (unnecessary to address constitutional questions raised in ex post facto argument because issue could be resolved on state law grounds).

## II.   **Application of *Estrada* to Prior Paraphernalia Convictions**

¶17         In November 2001, our supreme court held in *Estrada* that the sentencing provisions of Proposition 200 apply to persons convicted a first and second time of possessing drug paraphernalia for personal use. Acknowledging that the relevant statutes do not specifically include possession of paraphernalia among the offenses for which Proposition 200 expressly mandates probation and prohibits incarceration, the court nevertheless included it. The court reasoned that, "[f]rom time to time, . . . we encounter circumstances in which the plain text of a statute, because of ambiguity or outright silence, fails to give effect to the legislature's obvious intent. As importantly, we interpret and apply statutory language in a way that will avoid an untenable or irrational result." 201 Ariz. 247, ¶16, 34 P.3d 356, ¶16. The court added:

> Proposition 200's intent provisions, which explicitly call for
> treatment rather than incarceration of first time drug offenders in

10

order to reduce drug use and preserve prison space for more dangerous criminals, make it clear that the electorate, acting in the role of the legislature, did not intend to incarcerate for the lesser offense and yet mandate probation for the more serious.

*Id*. at ¶20.

**¶18**     The court in *Estrada* did not state whether its decision applied to defendants who had committed paraphernalia offenses before that decision was filed. "A court is neither *required* nor prohibited from applying a decision retrospectively," and "a state court may make the choice for itself between prospective or retrospective application of its decisions." *State v. Gates*, 118 Ariz. 357, 359, 360, 576 P.2d 1357, 1359, 1360 (1978). Because O'Brien was convicted not only of solicitation to possess a narcotic drug but also of possession of drug paraphernalia for personal use, and because he committed those offenses several months before *Estrada* was decided, we must determine whether *Estrada* applies to his case to preclude the imposition of a jail term for the paraphernalia offense.

**¶19**     For his paraphernalia offense, O'Brien's plea agreement provided that "as a condition of probation the defendant may be incarcerated 12 months in the Pima County Jail."[3] The agreement further provided that, if O'Brien was later determined to have violated his conditions of probation, the court could impose additional conditions, one of which was "any other such sanctions within the jurisdiction of the court."

**¶20**     The respondent judge noted at O'Brien's disposition hearing that his plea agreement expressly permitted her to impose any sanction within her jurisdiction in the event O'Brien violated his probation conditions; she concluded that a jail term was within her jurisdiction,

---

[3]That provision apparently was based on *State v. Holm*, 195 Ariz. 42, 985 P.2d 527 (App. 1998), which was expressly disapproved in *Estrada*. 201 Ariz. 247, ¶26, 34 P.3d 356, ¶26.

11

particularly because O'Brien had committed the paraphernalia offense before the supreme court's decision in *Estrada*. But if *Estrada* applies to O'Brien's disposition, then, as the state suggested in its response and implicitly conceded at oral argument, the foregoing provisions of the plea agreement are void, and the respondent judge exceeded her authority by imposing the jail term on that offense after O'Brien violated his conditions of probation. O'Brien argues that, "[b]ecause the court's holding in *Estrada* concerned the meaning of § 13-901.01, the holding applie[s] to those who had committed drug offenses before *Estrada* was decided." We agree.

¶21        *Estrada* was not a change in the law, procedural or substantive, for purposes of retroactivity analysis. Consequently, we are not required to apply the federal retroactivity analysis in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), to determine whether *Estrada* applies to O'Brien. *Cf. State v. Towery*, 394 Ariz. Adv. Rep. 14, ¶5 (February 26, 2003); *State v. Slemmer*, 170 Ariz. 174, 823 P.2d 41 (1991). Rather, as the state acknowledged at oral argument, our supreme court's determination that possession of drug paraphernalia falls within the scope of Proposition 200 was based on the court's interpretation of what the law was always intended to include. *Cf. Nation v. Colla*, 173 Ariz. 245, 256, 841 P.2d 1370, 1381 (App. 1991) (in determining applicability and scope of immunity of state official in federal civil rights action, court stated that interpretation of a statute does not change prior law; rather, it clarifies what law meant all along). Nor was *Estrada* otherwise a sharp break with the past that created new law. Therefore, it applies to O'Brien, even assuming arguendo that application may be regarded as retroactive. *See United States v. Johnson*, 457 U.S. 537, 549, 102 S. Ct. 2579, 2586-87, 73 L. Ed. 2d 202, 213 (1982).

12

¶22     We find this situation analogous to that faced by the court in *State v. Arizona Department of Corrections*, 187 Ariz. 211, 928 P.2d 635 (1996), in which our supreme court clarified the applicability of its decision in *State v. Tarango*, 185 Ariz. 208, 914 P.2d 1300 (1996). In *Tarango*, the court held that, when the state seeks enhanced penalties for dangerous or repetitive crimes pursuant to A.R.S. § 13-604, that statute's parole eligibility provisions, rather than the provisions of a conflicting drug sentencing statute that would have rendered the defendant ineligible for parole, apply to the defendant's sentence. After the court decided *Tarango*, the Arizona Department of Corrections began to reclassify inmates' parole eligibility based on § 13-604. The state sought special action relief, challenging the application of *Tarango* to defendants sentenced before the case was decided. In rejecting that argument, the supreme court stated:

> We did not change the meaning of § 13-604 in *Tarango*, we simply construed its meaning and its application to those who were sentenced under it. To hold that § 13-604 meant something different for inmates sentenced prior to *Tarango* would be a logical impossibility. Simply put, there is no retroactivity issue here.

187 Ariz. at 213, 928 P.2d at 637.

¶23     Similarly, "there is no retroactivity issue" raised by the question of whether *Estrada* applies to O'Brien. *Id.* Having concluded that the electorate could not have intended to exclude from the scope of Proposition 200 a charge of possession of drug paraphernalia for personal use, the court in *Estrada* merely declared what the law had always been intended to include. Consequently, the provisions of O'Brien's plea agreement that provide otherwise and permit imposition of a jail term either initially or upon the violation of conditions of probation are void. *Cf. Coy* (because plea agreement provided illegally long term of probation, trial court was

13

required to impose shorter term in accordance with statutes and state could not withdraw from agreement). And because the state has confessed error and, at least implicitly, has conceded that the proper remedy here is to disallow the imposition of a period of incarceration, we strike the void portions of the plea agreement.

## CONCLUSION

¶24 We conclude that the amended version of § 13-901.01(E) that resulted from the passage of Proposition 302 may not be applied retroactively to either Stockton or O'Brien to authorize the imposition of a jail term as an additional condition of probation. Nor may O'Brien be ordered to serve such a term based on his conviction for possession of drug paraphernalia for personal use. The respondent judge exceeded her authority by ordering petitioners to serve jail terms as an additional condition of probation after having found that they had violated their conditions of probation. We therefore grant special action relief by vacating the relevant portions of the respondent judge's orders in both cases and striking the relevant provisions of O'Brien's plea agreement.

_____
JOHN PELANDER, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Chief Judge


_____
WILLIAM E. DRUKE, Judge (Retired)