87 P.3d 97

Joan Holly O'CONNOR, Petitioner,

v.

The Honorable Carey Snyder HYATT, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,

State of Arizona ex rel. Richard Romley, Maricopa County Attorney, Real Party in Interest.

No. 1 CA–SA 04–0054.

Court of Appeals of Arizona, Division 1, Department C.

March 30, 2004.

Review Denied June 29, 2004.

As Amended July 15, 2004.

410

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Nick Acedo, Assistant Attorney General, Phoenix, Attorneys for Respondent.

Richard M. Romley, Maricopa County Attorney By Gerald Grant, Deputy County Attorney, Phoenix, Attorneys for Respondent.

Maricopa County Public Defender By Louise Stark, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

## OPINION

GEMMILL, Judge.

¶ 1 A person placed on probation in 2001 for a Proposition 200 [1] offense who violates her probation must be reinstated on probation with additional conditions of probation. *See* Ariz.Rev.Stat. ("A.R.S.") § 13–901.01(E) (2001); *see also State v. Tousignant*, 202 Ariz. 270, 271, ¶ 6, 43 P.3d 218, 219 (App. 2002). Under that version of Proposition 200 in effect in 2001 when Petitioner Joan Holly O'Connor committed her offense, she cannot be given a jail term as a condition of her reinstated probation following a probation violation.[2] *See O'Brien*, 204 Ariz. at 463,

---

1. Proposition 200 is a voter-approved initiative, also known as the Drug Medicalization, Prevention, and Control Act of 1996, that requires courts to suspend sentencing and impose probation for persons convicted for the first or second time of personal possession or use of a controlled substance. It also directs offenders to participate in drug treatment or education programs as a condition of probation. *Calik v. Kongable*, 195

Ariz. 496, 497, ¶ 2, 990 P.2d 1055, 1056 (1999). Proposition 200 is codified as Arizona Revised Statutes ("A.R.S.") sections 13–901.01 and –901.02.

2. By a referendum election held on November 5, 2002, the voters approved H.C.R.2013, which amended § 13–901.01(E) to allow first- and second-time offenders under Proposition 200 who

¶ 15, 65 P.3d at 111; *Tousignant,* 202 Ariz. at 272, ¶ 8, 43 P.3d at 220.

¶ 2 In 2001 O'Connor pled guilty to attempted possession of dangerous drugs, a class 5 felony, and was placed on probation for three years.[3] She was subsequently found to have violated the conditions of her probation. At the disposition hearing, the trial court reinstated her on probation and imposed a nine-month jail term. O'Connor asserts and the State agrees that her 2001 conviction for attempted possession of dangerous drugs was her "second strike" under Proposition 200. The State also agrees that the pre-November 2002 version of A.R.S. section 13–901.01(E) is applicable to this dispute. *See O'Brien,* 204 Ariz. at 462–63, ¶¶ 12–15, 65 P.3d at 110–11 (confirming that version of Proposition 200 in effect at time of offense is applicable).

▮ ¶ 3 O'Connor filed a petition for special action seeking relief from jail time imposed as a condition of her reinstated probation. We previously accepted special action jurisdiction and granted relief because we concluded that O'Connor's jail time was imposed without legal authority. An illegal sentence is fundamental error that we must correct. *See State v. Thues,* 203 Ariz. 339, 340, ¶ 4, 54 P.3d 368, 369 (App.2002). We accepted special action jurisdiction because O'Connor was serving the jail term and did not have an adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a); *see also O'Brien,* 204 Ariz. at 460, ¶ 3, 65 P.3d at 108 (determining that special action jurisdiction properly exercised in light of jail terms that would likely be served before appeals could be heard). Additionally, we are addressing a

pure issue of law, of statewide importance, that is likely to arise again.[4] *See, e.g., Blake v. Schwartz,* 202 Ariz. 120, 122, ¶¶ 7–8, 42 P.3d 6, 8 (App.2002).

▮ ¶ 4 Interpretation of § 13–901.01 is a question of law that we review *de novo. See Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). When interpreting a statute, we attempt to fulfill the intent of the drafters, and we look to the plain language of the statute as the best indicator of that intent. *Id.* If the language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction. *State v. Riggs,* 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997).

▮ ¶ 5 The version of A.R.S. § 13–901.01(E) applicable at the time of O'Connors' attempted drug possession offense and conviction in 2001 provided:

E. A person who has been placed on probation under the provisions of this section and who is determined by the court to be in violation of probation shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other such sanctions *short of incarceration.*

(Emphasis added.) The plain language of this version of § 13–901.01(E) precludes the trial court, upon a finding of a probation violation, from imposing a condition of incarceration on a Proposition 200 defendant. The term "incarceration" in Proposition 200 encompasses confinement in either jail or

---

commit certain violations of the conditions of their probation to be incarcerated. *See O'Brien v. Escher,* 204 Ariz. 459, 461, ¶ 7, 65 P.3d 107, 109 (App.2003); *see also* A.R.S. § 13–901.01(E) (Supp.2002); Laws 2002, H.C.R.2013 (2002).

**3.** Although Proposition 200 does not expressly apply to preparatory offenses such as attempted drug possession, this court has held that preparatory offenses are subject to the provisions of Proposition 200. *See Raney v. Lindberg,* 206 Ariz. 193, 198–200, ¶¶ 17–22, 76 P.3d 867, 872–74 (App.2003) (solicitation); *Stubblefield v. Trombino,* 197 Ariz. 382, 383, ¶ 2, 4 P.3d 437, 438 (App.2000) (attempt). *But see State v. Ossana,* 199 Ariz. 459, 461–62, ¶¶ 9–11, 18 P.3d 1258,

1260–61 (App.2001) (holding that two prior attempted drug possession convictions were not prior convictions for Proposition 200 sentencing purposes). The State does not challenge the application of Proposition 200 to O'Connor's conviction for attempted drug possession in 2001.

**4.** Even though § 13–901.01(E) was amended in November 2002, *see supra* note 2, undoubtedly many people remain on probation as a result of Proposition 200 offenses committed prior to November 2002, and some will violate the conditions of their probation.

prison. *Calik,* 195 Ariz. at 499 n. 1, ¶ 12, 990 P.2d at 1058 n. 1. Subsection (E) provides that probation violations must be addressed through additional conditions and sanctions "short of incarceration." *See State v. Jones,* 196 Ariz. 306, 307, ¶ 7, 995 P.2d 742, 743 (App.1999) (holding that first- or second-time offenders on probation under Proposition 200 could not be sentenced to prison after violating intensive probation); *see also State v. Thomas,* 196 Ariz. 312, 314, ¶ 7, 996 P.2d 113, 115 (App.1999) (indicating that the language of subsection (E) is "clear and unequivocal").

¶ 6 A panel of our colleagues in Division Two has similarly interpreted the former version of § 13–901.01(E), in a case involving first-time offenders:

> Because incarceration was not statutorily authorized under § 13–901.01(E) at the time they committed their offenses, the respondent judge violated § 1–246 [5] in imposing the jail terms as an additional condition of probation after she found that petitioners had violated their probation conditions.

*O'Brien,* 204 Ariz. at 463, ¶ 15, 65 P.3d at 111; *see also Tousignant,* 202 Ariz. at 272, ¶ 8, 43 P.3d at 220 ("incarceration [was] not an available option under § 13 901.01(E)").

¶ 7 The State argues that § 13–901.01(E) applies only to first-time drug offenders sentenced under § 13–901.01(A) but not to second-time offenders—like O'Connor—sentenced under § 13–901.01(F). This argument was rejected in *Jones:*

> Every provision of a statute must be read in conjunction with the other provisions, giving meaning, if possible, to "each word, clause or sentence, considered in the light of the entire act itself and the purpose for which it was enacted into law." *Frye v. South Phoenix Volunteer Fire Co.,* 71 Ariz. 163, 168, 224 P.2d 651, 654 (1950). Subsection (A) establishes the permissible punishment for a first conviction—probation. Subsection (F) establishes the permissible punishment for a second conviction—probation which may include "additional con-

ditions." Neither subsection addresses the punishment for a violation of probation. Subsection (E), however, begins with the words, "A person who has been placed on probation *under the provisions of this section.* ..." (Emphasis added.) Logically, subsection (E) sets forth the permissible punishment for a violation of probation imposed under any of the subsections of section 13–901.01, not just for a violation of probation imposed under subsection (A). Had the drafters intended otherwise, they could have said so instead of referring broadly to "probation imposed under the provisions of this section."

196 Ariz. at 307, ¶ 7, 995 P.2d at 743.

¶ 8 The State contends that *Jones* is not applicable here because the issue in that case was whether the defendants could be sentenced to *prison* following a probation violation and O'Connor, in contrast, was given *jail* time. We do not find this distinction persuasive because, as already noted, both prison and jail are considered "incarceration." *See Calik,* 195 Ariz. at 499 n. 1, ¶ 12, 990 P.2d at 1058 n. 1.

¶ 9 The State further argues that our interpretation leads to an absurd result: a second-time offender under the pre-November 2002 version of Proposition 200 could be given jail time, *see* § 13–901.01(F) and *Calik,* 195 Ariz. at 499, ¶¶ 12–13, 990 P.2d at 1058, but that same second-time offender who violates the conditions of her probation may not, under our application of § 13–901.01(E), be given jail time as a condition of reinstated probation. Further, the State argues that our result is inconsistent with (1) the graduated sequence of increasing penalties considered important by the supreme court in *Calik,* 195 Ariz. at 499, ¶¶ 12–14, 990 P.2d at 1058, and (2) the interpretations of Proposition 200 made by both the supreme court and this court to avoid other potentially absurd results. *See, e.g., State v. Estrada,* 201 Ariz. 247, 251–52, ¶¶ 17–23, 34 P.3d 356, 360–61 (2001); *Raney,* 206 Ariz. at 195–200, ¶¶ 17–22, 76 P.3d at 872–74.

**5.** A.R.S. § 1–246 (2002) provides: "When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed."

¶ 10 We agree that it is better policy under Proposition 200 for trial judges to have the power to impose jail time as a condition of reinstated probation following a probation violation. Presumably this is why the electorate amended § 13–901.01(E) in November 2002 to provide such authority under specified circumstances. But the pre-November 2002 version of § 13–901.01(E) is applicable to O'Connor's conviction, and the language of that subsection compels the result we reach here. That language provides that the court must impose additional conditions of probation that may include various sanctions "short of incarceration." Jail time is prohibited.

¶ 11 The logic of this statutory scheme—that allows jail time as a condition of probation for a second-time offender but forbids imposing jail time when that same·person is reinstated on probation following a probation violation—may be debated. The State argues that this result is so lacking in logic that it is absurd and must be contrary to the intent of the electorate that enacted Proposition 200. We do not agree, however, that this result rises to the level of absurdity necessary for us to ignore the plain language of § 13–901.01(E). *See Estrada,* 201 Ariz. at 251, ¶ 17, 34 P.3d at 360 (indicating that an absurd result is one that is "so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion") (citations omitted); *State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 592, 667 P.2d 1304, 1307 (1983) ("[I]t is a basic tenet of statutory construction that where the statutory language is unambiguous, that language must ordinarily be regarded as conclusive, absent a clearly expressed legislative intent to the contrary.").

¶ 12 The statutory language under consideration is unambiguous and the electorate that enacted the language did not clearly express a contrary intent regarding the alternatives available to a court when a first- or second-time offender violates the conditions of her probation. Amending this statutory language is a legislative function, not a judicial function.

## CONCLUSION

¶ 13 For these reasons, the jail term imposed on O'Connor as a condition of her reinstated probation was illegal under the applicable version of § 13–901.01(E). We have vacated that portion of the trial court's disposition order that imposed jail time and we have directed the trial court to enter the necessary order to release Petitioner O'Connor from jail.

CONCURRING: G. MURRAY SNOW, Presiding Judge, and WILLIAM F. GARBARINO, Judge.