893 P.2d 66

**The STATE of Arizona, Petitioner,**

**v.**

**The Honorable Michael J. BROWN, A Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**Walter Jacob Carter and Ramon Sanchez Garcia, Real Parties in Interest.**

No. 2 CA–SA 95–0002.

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 20, 1995.

Review Denied April 25, 1995.

Stephen D. Neely, Pima County Atty. by Lee Ann Roads, Tucson, for petitioner.

Grant Woods, Atty. Gen. by Leslie Hall, Chief Counsel, Civ. Div., and William V. Hornung, Tucson, for respondent.

## OPINION

FERNANDEZ, Judge.

In this special action we are asked to resolve the conflict between Ariz.R.Crim.P. 5.2, 17 A.R.S., which requires the presence of a court reporter at all preliminary hearings unless waived by both parties, and Rule 26.1 of the Local Rules of Practice in the Superior Courts of Pima County, 17B A.R.S., which allows alternative methods of reporting preliminary hearings in justice or police courts. Because the petition raises a matter of state-wide importance for which there is no equally plain, speedy or adequate remedy by appeal, we accept jurisdiction and grant relief. *State ex rel. Corbin v. Superior Court,* 138 Ariz. 500, 675 P.2d 1319 (1984); Ariz.R.P.Spec. Action 1 and 3, 17B A.R.S.

This special action arises out of criminal proceedings involving real parties in interest, Walter Jacob Carter and Ramon Sanchez Garcia in justice court.[1] Pursuant to Ariz. R.Crim.P. 5.2, the real parties in interest requested a certified court reporter for their preliminary hearings. The parties were told a court reporter would not appear because of an administrative order issued by respondent, The Honorable Michael J. Brown, the presiding judge of Pima County Superior Court, in the exercise of his administrative authority over the justice courts and pursuant to Local Rule 26.1. Thomas Schultz, the chief court reporter for the Pima County Superior Court, testified at a hearing and confirmed Judge Brown's order. The Honorable Robert Donfeld of the justice court then requested that the justice court administrator procure a private, certified court reporter. The administrator testified at the hearing that Judge Brown had denied his request for funds to hire a private court reporter. This special action followed.

*State ex rel. Corbin v. Superior Court* is dispositive of the issue raised here. In that case, our supreme court held that when there is a conflict between a local procedural rule and the rules of criminal procedure, the criminal rule prevails. This is consistent with Ariz.R.Crim.P. 36, which authorizes lower courts to "make and amend rules governing its practice *not inconsistent with* [the criminal] rules [of procedure]." (Emphasis added.)

■ There is clearly a conflict between Local Rule 26.2 and Criminal Rule 5.2. Criminal Rule 5.2 provides as follows:

The magistrate shall issue process to secure the attendance of witnesses and shall secure a court reporter to record the proceedings, unless the reporter is waived by both parties.

The local rule provides in part:

In the discretion of the Presiding Judge of the Superior Court, the record of a preliminary hearing in justice or police courts may be made by videotape, audiotape, or court reporter.

These two rules simply cannot be harmonized. The criminal rule makes clear that a court reporter must be present at criminal proceedings unless waived by both parties; it does not provide alternative methods for creating a record. Under *Corbin,* when a conflict later comes to light, the criminal rule prevails, notwithstanding the fact that the local rule has been approved by the supreme court.

■ We conclude, therefore, that by prohibiting the justice court from providing the real parties in interest with a court reporter in compliance with Criminal Rule 5.2, Judge Brown abused his discretion and exceeded his jurisdiction. Special action relief is granted and the underlying criminal matters are remanded for further proceedings consistent with this decision.

LIVERMORE, P.J., and LACAGNINA, J., concur.

---

1. Because there is a directly conflicting criminal rule, we need not address the applicability of A.R.S. § 38–424, which relates to alternative methods of creating a record.