311 P.3d 1088

**Emory Ray STOUT, Petitioner/Appellant,**

v.

**The Justice Court of the County of Mohave, Kingman/Cerbat Precinct, Honorable John TAYLOR, a Judge thereof, Respondent Judge,**

**State of Arizona ex rel. Matthew J. Smith, Mohave County Attorney, Real Party in Interest.**

No. 1 CA–CV 12–0841.

Court of Appeals of Arizona, Division 1.

Oct. 17, 2013.

Mohave County Appellate Defender's Office By Diane S. McCoy, Ronald S. Gilleo, Kingman, Attorneys for Petitioner/Appellant.

Mohave County Attorney's Office By Melissa M. Moore, Kingman, Attorneys for Real Party in Interest.

## OPINION

GEMMILL, Judge.

¶ 1 Emory Ray Stout appeals a superior court judgment denying his special action petition seeking transcripts rather than electronic recordings of justice court proceedings in anticipation of filing an Arizona Rule of Criminal Procedure 32 ("Rule 32") of-right petition for post-conviction relief. Because Arizona Rule of Criminal Procedure 32.4(d) ("Rule 32.4(d)") provides for "transcripts" rather than electronic recordings for indigent defendants, we vacate the superior court's order and remand for further proceedings.

## BACKGROUND

¶ 2 Stout pled guilty in Mohave County Justice Court to one count of reckless burning, a class 1 misdemeanor. After sentencing, Stout filed a timely notice of post-conviction relief to initiate a Rule 32 of-right post-conviction proceeding in Mohave County Justice Court. *See* Ariz. R.Crim. P. 32.4(a). Stout also requested transcripts of the change of plea and sentencing hearings. The justice court provided Stout with audio recordings of the requested proceedings but, in June 2012, denied the request for transcripts. In July 2012, Stout filed a petition for special action in superior court, asking that the justice court be compelled to provide written transcripts.

¶ 3 The superior court issued an unsigned decision in November 2012, denying Stout's requested relief. Stout filed a notice of appeal of the superior court's decision on December 3, 2012. On January 11, 2013, the superior court entered a signed order disposing of Stout's special action and affirming the justice court's refusal to order the production of transcripts.

## JURISDICTION ON APPEAL

¶ 4 Stout's December 3, 2012 notice of appeal was premature because no final judgment had yet been entered, and Stout did not file a new or amended notice of appeal after the superior court's January 11, 2013 order, which constituted the final judgment. Nonetheless, this court has jurisdiction over this appeal in accordance with *Barassi v. Matison,* 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981), in which our supreme court held that "a premature appeal from a minute entry order in which no appellee was prejudiced and in which a subsequent final judgment was entered over which jurisdiction may be exercised need not be dismissed." *See also Baker v. Bradley,* 231 Ariz. 475, 479–81, ¶¶ 13–19, 296 P.3d 1011, 1015–17 (App.2013); Ariz.Rev.Stat. ("A.R.S.") §§ 12-120.21(A)(1), –2101(A)(1); Ariz. R.P. Spec. Act. 8(a).

## ANALYSIS

### *The Superior Court's Exercise of Special Action Jurisdiction*

¶ 5 Accepting jurisdiction over a petition for special action is discretionary with the court in which it is filed. *Northern Propane Gas Co. v. Kipps,* 127 Ariz. 522, 525, 622 P.2d 469, 472 (1980). We apply an abuse of discretion standard when reviewing the superior court's exercise of jurisdiction over Stout's special action petition. *Id.*

¶ 6 Stout's special action petition alleged that the justice court abused its discretion by denying his request for the production of transcripts. Although the superior court did not expressly discuss its discretionary decision to exercise jurisdiction, the court assumed jurisdiction when it addressed the merits of Stout's request for transcripts. We discern no abuse of discretion in the superior court's exercise of special action jurisdiction.

### *The Applicable Rule and Its Plain Language Interpretation*

¶ 7 Because this appeal presents questions of law about the controlling rules for Stout's transcript request and how to interpret those rules, we review the superior court's decision de novo. *Nielson v. Hicks,* 225 Ariz. 451,

452, ¶ 6, 240 P.3d 276, 277 (App.2010); *Files v. Bernal,* 200 Ariz. 64, 65–66, ¶ 2, 22 P.3d 57, 58–59 (App.2001).

¶ 8 Stout argues that because he is indigent and intends to file a Rule 32 of-right petition for post-conviction relief, Rule 32.4(d) entitles him to transcripts of certain proceedings, at county expense. The State has declined to take a position on Stout's argument on appeal and has not filed an answering brief. The State opposed Stout's special action petition in superior court, however, and cited Arizona Superior Court Rule of Appellate Procedure–Criminal 7 ("Rule 1") as controlling in the special action. The relevant portion of Rule 7 states that the "record on appeal shall consist of originals or certified copies" of the "recording or certified transcript of the trial, as the Superior Court may require." Ariz. R.Super. Ct.App. P. (Crim.) 7(c)(9).

¶ 9 The superior court rejected Stout's position and concluded that audio recordings would be sufficient for Stout to proceed with a Rule 32 petition for post-conviction relief. The court characterized its ruling as "consistent with Rule 7" and reasoned that the use of audio recordings rather than transcripts would not prejudice Stout in his post-conviction proceeding. Stout now reiterates his argument that Rule 32.4(d) controls, rather than Rule 7, because his request for transcripts arises in regard to a petition for post-conviction relief.

¶ 10 We agree that Rule 32.4(d) applies here. Stout is not seeking the transcripts for an appeal. Rather, he is seeking transcripts to pursue a Rule 32 of-right petition for post-conviction relief. Rule 32.4(d) provides:

If the trial court proceedings have not been previously *transcribed,* the defendant may request on a form provided by the clerk of court that certified *transcripts* be prepared. The court shall expeditiously review the request and order only those *transcripts* prepared that it deems necessary to resolve the issues to be raised in the petition. The preparation of the *transcripts* shall be at county expense if the defendant is indigent. The time for filing the petition shall be tolled from the time a

request for the *transcripts* is made until the *transcripts* are prepared or the request is denied. Certified *transcripts* shall be prepared and filed within sixty days of the order granting the request.

(Emphasis added.) Because Stout seeks transcripts in conjunction with a Rule 32 of-right petition for post-conviction relief, Rule 32.4(d) controls his request for transcripts.

¶ 11 We interpret court rules in the same manner as statutes. *State v. Hansen,* 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007). Our goal is to discern the intent of the drafters of the rule, and "we look to the plain language of the statute or rule as the best indicator of that intent." *Fragoso v. Fell,* 210 Ariz. 427, 430, ¶ 7, 111 P.3d 1027, 1030 (App.2005). If the language of the rule is clear and unambiguous, we give effect to that language and do not employ other principles of interpretation. *See O'Connor v. Hyatt ex rel. County of Maricopa,* 207 Ariz. 409, 411, ¶ 4, 87 P.3d 97, 99 (App.2004). A plain reading of the rule's language shows that the court in which the request for transcripts is made "shall" order "those transcripts prepared that it deems necessary to resolve the issues to be raised" in the post-conviction relief petition. Ariz. R.Crim. P. 32.4(d).

¶ 12 Application of Rule 32.4(d) to this dispute requires us to decide if the word "transcript" in the rule includes electronic recordings.[1] We give words and phrases in statutes and rules their common or ordinary meanings unless the context reveals a special meaning. *See Mein ex rel. Mein v. Cook,* 219 Ariz. 96, 99 n. 2, ¶ 12, 193 P.3d 790, 793 n. 2 (App.2008); A.R.S. § 1–213. To determine the ordinary meaning of a word, we may refer to established and widely used dictionaries. *Special Fund Div. v. Industrial Com'n of Arizona,* 232 Ariz. 110, 113, ¶ 12, 302 P.3d 635, 638 (App.2013); *State v. Wise,* 137 Ariz. 468, 470 n. 3, 671 P.2d 909, 911 n. 3 (1983). The New Oxford American Dictionary defines "transcript" as including "a written or printed version of material originally presented in another medium." The

New Oxford American Dictionary 1788 (2d ed.2005). Black's Law Dictionary indicates that a "transcript" is "[a] handwritten, printed, or typed copy of testimony given orally; esp., the official record of proceedings in a trial or hearing." Black's Law Dictionary 1535 (8th ed.2004). Rule 32.4(d) uses "transcribed" or "transcripts" seven times, and the context confirms that "transcript" is used in its customary meaning as a written verbatim record. No other form of verbatim record is discussed in Rule 32.4(d). Therefore, the ordinary meaning of "transcript" does not include electronic recordings.

¶ 13 Additionally, the supreme court has recognized a difference between transcripts and electronic recordings by distinguishing between them in certain rules governing direct appeals. *Compare* Ariz. R.Crim. P. 32.4(d) *with* ARCAP 11(a)(1) ("The record on appeal to the appellate court shall be the official documents, exhibits, minute entries, and other objects filed with the clerk of the superior court, and a certified transcript or narrative or agreed statement, or if authorized by the appellate court, the electronic recording of the proceeding.") and Ariz. R.Super. Ct.App. P. (Crim.) 7(c)(9) ("The record on appeal shall consist of originals or certified copies of these items: ... (9) The recording or certified transcript of the trial."). Because the supreme court has referred separately to transcripts and recordings in certain rules, it is unlikely the supreme court meant "transcript" in Rule 32.4(d) to include both traditional written transcripts and electronic recordings.

¶ 14 For these reasons, we conclude that the word "transcript" in Rule 32.4(d) means a written verbatim record of proceedings and does not include electronic recordings. The justice court did not comply with Rule 32.4(d) by providing only audio recordings to Stout.

¶ 15 We acknowledge that various policy arguments support the use of electronic recordings in lieu of transcripts when appropriate playback equipment is available. An electronic recording may arguably be the

---

1. The phrase "electronic recordings" encompasses audio recordings, which are at issue in this appeal.

functional equivalent of a transcript. Moreover, the rules have created different rights for pleading defendants than for non-pleading defendants, without any readily apparent basis for the distinction. Indigent defendants who have pled guilty and subsequently pursue of-right petitions for post-conviction relief will get transcripts under Rule 32.4(d), while other indigent defendants convicted of criminal offenses may be required under the rules for direct appeals to the superior court (such as Rule 7) to accept electronic recordings instead of transcripts. Additionally, requiring of-right post-conviction relief petitioners to use electronic recordings is unlikely to prejudice them in the preparation of their petitions. Finally, providing recordings instead of transcripts may be less expensive while still achieving the overarching policy of Rule 32.4(d): providing adequate access to judicial review.

¶ 16 Nevertheless, in our interpretation and application of Rule 32.4(d), we must follow the plain meaning unless the result is absurd. *See State v. Estrada,* 201 Ariz. 247, 251, ¶ 17, 34 P.3d 356, 360 (2001); *O'Connor,* 207 Ariz. at 413, ¶ 11, 87 P.3d at 101. The result we reach—applying the ordinary meaning of "transcript" in Rule 32.4(d)—is not absurd. *See Estrada,* 201 Ariz. at 251, ¶ 17, 34 P.3d at 360 (indicating that an absurd result is one that is "so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion") (citations omitted). Neither this court nor the superior court nor the justice court is empowered to overlook that Rule 32.4(d) does not contemplate substituting electronic recordings for transcripts. *See* Ariz. Const. art. 6, § 5(5) (exclusive power to "make all rules relative to all procedural matters in any court" is vested in the supreme court); *Cullen v. Auto–Owners Ins. Co.,* 218 Ariz. 417, 420, ¶ 10, 189 P.3d 344, 347 (2008) (explaining that only the supreme court may change the meaning of rules); *cf.*

*State v. Brown,* 182 Ariz. 66, 67, 893 P.2d 66, 67 (App.1995) (confirming that former statewide rule in effect at the time requiring a court reporter at all preliminary hearings took priority over local rule allowing option of electronic recording of proceeding).

### *"Necessary" Proceedings Under Rule 32.4(d)*

¶ 17 Having concluded that the term "transcript" in Rule 32.4(d) does not encompass electronic recordings, the remaining question is whether Stout's change of plea and sentencing hearings are "necessary" for resolution of his Rule 32 of-right petition. Our supreme court has applied Rule 32.4(d) to entitle indigent defendants to transcripts of necessary proceedings such as change of plea and sentencing proceedings. *See Wilson v. Ellis,* 176 Ariz. 121, 124, 859 P.2d 744, 747 (1993) (Rule 32.4(d) entitles indigent petitioner to a transcript of sentencing proceedings); *State v. Smith,* 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996) (citing *Wilson* to hold that indigent defendants are entitled to a transcript of plea proceedings).[2] We agree that Stout's change of plea and sentencing hearings are necessary proceedings.

### CONCLUSION

¶ 18 A record of Stout's change of plea and sentencing hearings is necessary for Stout to pursue his of-right petition for post-conviction relief. The plain language of Rule 32.4(d) requires us to conclude that Stout is entitled to transcripts of those proceedings, at county expense, if he has been found indigent. The Arizona Supreme Court may, of course, choose to amend Rule 32.4(d) to allow the provision of electronic recordings instead of transcripts under appropriate circumstances. But the current language of Rule 32.4(d) requires "transcripts." Accordingly, we vacate the judgment of the superior court and the decision of the justice court

**2.** Stout also argues that he is constitutionally entitled to a transcript because "Rule 32.4(d) codifies United States Supreme Court case law [holding] that due process and equal protection of the law require that a defendant in a criminal case be allowed access to the appellate courts." Because the Arizona Rules of Criminal Proce-

dure resolve this issue, we do not reach Stout's constitutional arguments. We note, however, that the cases cited by Stout do not hold that transcripts are required *instead of electronic recordings.* Rather, the point of the cases Stout cites is that an adequate record of the proceedings must be provided in some appropriate form.

denying Stout's request for transcripts, and we remand for further proceedings consistent with this decision.

CONCURRING: MAURCE PORTLEY, Presiding Judge, and KENT E. CATTANI, Judge.