NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MATTHEW RONALD CREAMER, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA; ARIZONA DEPARTMENT OF CORRECTIONS, a public entity; CHARLES L. RYAN, Director, *Defendants/Appellees*.

No. 1 CA-CV 13-0611

FILED 1-8-2015

---

Appeal from the Superior Court in Maricopa County
No.  LC2013-000236-001
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

---

COUNSEL

Matthew Ronald Creamer, Tucson
*Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson
By Claudia Acosta Collings
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

---

**G E M M I L L**, Judge:

¶1 Arizona Department of Corrections ("ADOC") inmate Matthew Ronald Creamer appeals from the superior court's order dismissing with prejudice his complaint for special action. Because we conclude that the superior court did not abuse its discretion in declining to exercise special action jurisdiction, we affirm.

**FACTS**

¶2 Creamer is an Arizona prison inmate. On May 25, 2012, two ADOC officers searched Creamer's cell while he was out of the unit for a medical appointment. During the search, the officers found several unauthorized items, including various office supplies, a barber's comb, and a stapler. The officers seized the unauthorized items and informed Creamer that they had been taken.

¶3 Upon hearing of the search, Creamer attempted to confront one of the officers. According to the ADOC, Creamer began to yell at the officer, at one point threatening to sue her. In response, the second officer alerted security staff. As a result of the incident, Creamer was placed on disciplinary report and charged with two major violations: one for disorderly conduct and the other for promoting prison contraband.

¶4 Creamer pled not guilty to the two violations. After hearings before the ADOC Disciplinary Coordinator, Creamer was found guilty of both and issued punishment of increased duty time, loss of privilege, and placement in Parole Class III. As a result of his placement in Parole Class III, Creamer was required to forfeit "good-time" release credits, thereby impacting the duration of his sentence. Creamer could have filed for reinstatement of his good-time credits under ADOC Department Order 1002, but chose not to do so.

¶5 Creamer filed a complaint for special action in the superior court in Maricopa County, alleging the disciplinary proceedings violated his due process rights and requesting that the convictions be expunged and his good-time credits restored. The State filed a response and motion to dismiss the complaint, but Creamer did not file a response to the motion. The superior court found no extraordinary circumstances warranting special action relief because Creamer "had and has other remedies" through which he could seek relief. Accordingly, the superior court

declined to accept special action jurisdiction, granted the State's motion, and dismissed the complaint with prejudice.

¶6 Creamer filed a timely notice of appeal. This court has appellate jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for Special Actions 8(a).

## ANALYSIS

¶7 As a preliminary matter, the State argues that because Creamer did not respond to its motion to dismiss his special action complaint, he consented to the trial court's dismissal. *See* Ariz. R. Civ. P. 7.1(b) (explaining that the court may summarily dismiss a motion to which opposing party fails to respond); Ariz. R.P. Spec. Act. 7(i) ("To the extent they are not inconsistent with these rules, the Arizona Rules of Civil Appellate Procedure shall apply to special actions."). Accordingly, the State argues that this court should summarily dismiss Creamer's appeal. Although it is true that the superior court *may* summarily dismiss a claim for failure to respond, it is not required to do so. *See* Ariz. R. Civ. P. 7.1(a). In this case, the superior court did not dispose of Creamer's complaint on the basis of his failure to respond. Instead, it dismissed his claim because it did not find extraordinary circumstances warranting an exercise of special action jurisdiction. We therefore review whether that decision was an abuse of the court's discretion.

¶8 The exercise of jurisdiction over a special action is "highly discretionary." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4, 35 P.3d 82, 84 (App. 2001). Special action jurisdiction is appropriate in extraordinary circumstances when there is no equally plain, speedy, or adequate remedy upon appeal. *State ex rel. Romley v. Superior Court*, 198 Ariz. 164, 165, ¶ 4, 7 P.3d 970, 971 (App. 2000). This court reviews the superior court's decision declining to exercise special action jurisdiction for an abuse of discretion. *Stout v. Taylor*, 233 Ariz. 275, 277, ¶ 5, 311 P.3d 1088, 1090 (App. 2013). On this record, we find no abuse of discretion.

¶9 Before the superior court, Creamer claimed that the underlying circumstances of the search and disciplinary proceedings violated his right to due process. As a result, he argued that his placement in Parole Class III and resulting forfeiture of good-time credits extended the length of his confinement in violation of his due process rights.

¶10        Creamer cites *Heck v. Humphrey*, 512 U.S. 477 (1994) in support of his argument that the superior court should have exercised special action jurisdiction in this matter. But Heck does not mandate the exercise of special action jurisdiction here because, as the superior court reasonably concluded, Creamer had adequate alternative remedies available.

¶11        Under Arizona Department of Corrections Department Order 1002, inmates who lose good behavior time credits because of disciplinary violations may apply to rescind such order and to have those credits restored if they meet certain criteria. Arizona Dep't of Corrections Dep't Order 1002.02. Creamer did not file such an application. Accordingly, Creamer's special action was premature.

¶12        Creamer does not deny that he met the requirements to apply for rescission of his Class III placement and reinstatement of his good-time credit. Instead, Creamer argues that because the decision to grant rescission of Class III status is discretionary with the Director, he was not required to seek rescission and restoration. However, the need for a petitioner to first exhaust alternative remedies is not based on the certainty of the result, but on the need to follow appropriate administrative and judicial procedures. *See Minor v. Cochise Cnty.*, 125 Ariz. 170, 172, 608 P.2d 309, 311 (1980) (explaining that when an administrative agency is empowered to act, it should be allowed to do so before the courts intervene). By failing to seek rescission of the ADOC order, Creamer did not avail himself of the available administrative remedy. The superior court did not abuse its discretion in declining to exercise jurisdiction regarding Creamer's due process claims.[1]

---

[1] Creamer's complaint also alleges that the search of his cell and resulting disciplinary proceedings were undertaken in retaliation against him for exercising his First Amendment rights and having recently entered into a settlement agreement with the ADOC. To the extent that Creamer is seeking damages for these alleged constitutional violations, the appropriate vehicle for such claims is an action under 42 U.S.C. § 1983. *See Tripati v. State*, 199 Ariz. 222, 226–27, ¶ 14, 16 P.3d 783, 787–88 (App. 2000); *Neary v. Frantz*, 141 Ariz. 171, 178, 685 P.2d 1323, 1330 (App. 1984).

**CONCLUSION**

¶13 For these reasons, the superior court acted within its discretion when it dismissed Creamer's action. The order of dismissal with prejudice is modified, however, to a dismissal without prejudice.[2]



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] In the event Creamer exhausts his administrative remedies and files another special action in superior court seeking the same relief, it should not be barred by the dismissal of this action because the factual foundation for the potential future action will have changed.