NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DENBOER, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA BOARD OF PSYCHOLOGIST EXAMINERS,
*Defendant/Appellee.*

No. 1 CA-CV 19-0254
FILED 2-6-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-011587
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Cohen Law Firm, Phoenix
By Larry J. Cohen
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Duval Raine
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

¶1 John DenBoer, Ph.D. ("DenBoer"), appeals from the superior court's grant of judgment in favor of the Arizona Board of Psychologist Examiners ("Board"). The question on appeal is whether DenBoer is subject to the procedure in former Arizona Revised Statutes ("A.R.S.") section 32-2081(B) (2009) ("Section B") or the procedure in A.R.S. § 32-2081(C) (2015) ("Section C"). Finding that Section C applies, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 DenBoer received his Arizona license to practice as a psychologist in 2009. On or about May 7, 2015, DenBoer was appointed by the superior court to serve as a counselor/therapist for a minor child in a family court matter. He did so.

¶3 In September 2015, the child's father requested the Board investigate a complaint of unprofessionalism against DenBoer. The Board notified DenBoer that a Request for Investigation ("RFI") had been issued against him, pursuant to the claim process set forth in Section C, because at least one Board member determined there was sufficient merit to open an investigation.

¶4 Rather than responding to the RFI, DenBoer challenged the use of the Section C process. When the Board denied his challenge, he filed this action for declaratory judgment in the superior court. The Board agreed to stay the proceedings pending a final order from the superior court.

¶5 The parties filed cross-motions for summary judgment. After oral argument, the superior court found in favor of the Board. It denied DenBoer's request for summary judgment. The superior court did not elucidate its reasoning in the order, rather relying on "the reasons stated on

the record."[1]  A judgment was filed with the finality language of Arizona Rule of Civil Procedure 54(c).  DenBoer timely appealed.

## DISCUSSION

**¶6**        DenBoer asserts he should not be subject to the new Section C screening process because the statute became effective in July 2015—two months after he was appointed in the family court matter.  DenBoer further argues he has a vested right to have the superior court judge, who knows the parties and the level of contentiousness in the proceedings, first determine whether there is a substantial basis supporting the complaint.

**¶7**        The effective date of a statute is a question of law.  *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 548-49, ¶¶ 11, 17 (2005) (holding new statute of limitations did not apply to claims filed before the express effective date).  We review *de novo* the interpretation of statutes and "are not bound by the agency's or the superior court's legal conclusions or statutory interpretations."  *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 322-23, ¶ 10 (App. 2017).

## I.        Former Section B Process

**¶8**        The key difference in the Section B process and the new Section C process concerns who screens initial complaints.[2]   From September 30, 2009, until July 2, 2015, Section B provided that, in the context of any court-ordered evaluation or treatment, the Board would not investigate a claim of unprofessionalism unless the appointing court first found "a substantial basis to refer the complaint for consideration by the board."  A.R.S. § 32-2081(B)(2009).  The same process applied universally to

---

[1]        A transcript of the hearing was not included in the record on appeal. DenBoer was responsible for ordering transcripts of proceedings that he deems "necessary for proper consideration of the issues on appeal." ARCAP 11(c)(1)(A).  "We may only consider the matters in the record before us.  As to matters not in our record, we presume that the record before the trial court supported its decision."  *Ashton-Blair v. Merrill*, 187 Ariz. 315, 317 (App. 1996).

[2]        There is also a secondary difference in the statutes concerning the level of certainty needed by the screening party to refer a complaint for investigation.  Section B required a "substantial basis"; Section C requires one or more board members to find the claim has "merit."

potential sex offenders and other clients. *Id.* Specifically, Section B read in pertinent part:

> The board shall not consider a complaint against a judicially appointed psychologist arising out of a court ordered evaluation, treatment or psychoeducation . . . of unprofessional conduct unless the court ordering the evaluation, treatment or psychoeducation has found a substantial basis to refer the complaint for consideration by the board.

A.R.S. § 32-2081(B) (2009).

II.    Current Section C Process

**¶9**            On or after July 3, 2015, the Section B process remained the same when the complainant was being evaluated regarding a potential sex offense. *See* A.R.S. § 32-2081(B). However, under Section C, the legislature designated a new screening process for other appointments:

> A claim of unprofessional conduct *brought on or after July 3, 2015* against a psychologist arising out of court-ordered services shall be independently reviewed by three members of the board . . . . If one or more of the board members who are reviewing the claim determine that there is merit to open an investigation as a complaint, an investigation shall be opened and shall follow the complaint process pursuant to this article. (Emphasis added.)

A.R.S. § 32-2081(C).

**¶10**          DenBoer asserts the critical date for our analysis is his May 2015 appointment by the superior court. He claims that the Board incorrectly applied the Section C process retroactively by including appointments made prior to the statute's July 2015 effective date.[3] The

---

[3]    "No statute is retroactive unless expressly declared therein." A.R.S. § 1-244. While DenBoer relies on the Board's use of the word "retroactively" in the meeting minutes, it is of no legal significance here. "[W]e are not bound by the agency's or the superior court's legal conclusions or statutory interpretations." *Parsons*, 242 Ariz. at 322-23, ¶ 10. And because we find that the statute was applied prospectively, we need not conduct a retroactive analysis.

Board argues it applied the statute according to its terms, using three board members to screen because the father's claim against DenBoer was "brought" in September 2015.

### III. The Claim Was Brought in September 2015

**¶11**  To determine the meaning of "brought" in Section C, we first examine the plain language of the statute. *See N. Valley Emergency, Specialists, LLC v. Santana*, 208 Ariz. 301, 303, ¶ 9 (2004). We "assign to the language its 'usual and commonly understood meaning.'" *Bilke v. State*, 206 Ariz. 462, 464-65, ¶ 11 (2003) (citation omitted). And we "may refer to established and widely used dictionaries" for that purpose. *Stout v. Taylor*, 233 Ariz. 275, 278, ¶ 12 (App. 2013).

**¶12**  Black's Law Dictionary discusses the term "brought" and says:

> To "bring" an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit. A suit is "brought" at the time it is commenced. Brought and commenced in statutes of limitations are commonly deemed to be synonymous.

*Bring suit*, Black's Law Dictionary (6th ed. 1990) (internal citations omitted). Likewise, this court routinely uses the term "brought" to indicate the commencement of an action. *See, e.g.*, *In re Estate of Travers*, 192 Ariz. 333, 336, ¶ 21 (App. 1998) (defining statute of limitations as "a legislative enactment which sets maximum time periods during which certain actions can be brought"); *Maycock v. Asilomar Dev., Inc.*, 207 Ariz. 495, 501, ¶ 28 (App. 2004) (stating that Section 12-552 "sets a period of time within which claims must be brought regardless of when the cause of action may accrue").

**¶13**  To treat "brought" the same as "appointed," as DenBoer urges, runs counter to the directive that different statutory terms should not be treated as synonymous unless context permits no other alternative. *See P.F. West, Inc. v. Superior Court*, 139 Ariz. 31, 34 (App. 1984). We find the statutory language that the Section C process applies to "claim[s] of unprofessional conduct brought after July 3, 2015" is clear and unambiguous. Applying the ordinary meaning of "brought," we hold that the legislature used that term to denote when a claim of unprofessionalism was filed against a court-ordered psychologist, not when the court appointed the psychologist. Therefore, the Board did not apply the new provision retroactively.

**¶14** Absent an applicable exception, DenBoer is subject to the procedure in Section C. DenBoer argues he had a vested right in the Section B procedure and protection based on his understanding of the statute because he was licensed in 2009. We disagree.

**¶15** Section C is a procedural statute. "[R]ules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994). Substantive law "creates, defines and regulates rights" while a procedural law establishes only "the method of enforcing such rights or obtaining redress." *Allen v. Fisher*, 118 Ariz. 95, 96 (App. 1977). Section C does not create or define substantive rights, rather it sets the administrative process. Litigants have no vested entitlement to a given procedure. *Id.* Statutory procedural changes may be applied to pending proceedings. *Metzler v. BCI Coca-Cola Bottling Co. of L.A., Inc.*, 235 Ariz. 141, 146-47, ¶ 25 (2014) (holding prejudgment interest was due on judgment filed after the effective date of the statute). The Board correctly determined that Section C was the appropriate process for the screening of the claim.

**¶16** DenBoer argues there are various policy reasons why practicing psychologists might opt out of court-appointed positions where any charge of unprofessionalism must be defended at the Board level. He asserts he and other professionals relied on the protection from harassment and expense afforded by Section B. He argues that even if we find the amendment was procedural, it would be manifestly unjust to apply it in this instance. We decline the invitation to impose a procedure that is contrary to the express language of a valid statute.

**CONCLUSION**

**¶17** For the foregoing reasons, we affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED: AA